NANCY G. HOOD, GUARDIAN, ET AL. V. PEOPLE'S BUILDING AND SAVINGS ASSOCIATION.

No. 1005.

1. **Jurisdiction of District Court.**—Intestate bought land on credit; after his death default was made of the deferred payments. *Held*, the District Court had jurisdiction of an action by the vendor to recover the land.

2. **Rescission of Land Sale - Nonpayment of Purchase—Equity.**—Upon failure by the vendee to pay purchase money for land when due, the vendor can elect to reclaim the land, unless it would be inequitable. Where it appears that the rental value of the land during the time the vendee had possession of it was equal to the amount of purchase money paid and the improvements added thereto, and no offer of payment was shown, it was not inequitable to allow the vendor to recover the land.

3. **Rescission—Usury.**—That purchase money notes are usurious does not prevent the vendor from recovery of the land upon nonpayment of the purchase money, the amount lawfully due not having been paid or tendered.

Appeal from McLennan. Tried below before Hon. L. W. Goodrich.

*Scarborough & Rogers*, for appellants.—1. Under the laws of Texas, the Probate Court alone has jurisdiction to settle estates and enforce claims for money against decedents. · Webster v. Willis, 56 Texas, 469; Cannon v. McDaniel, 46 Texas, 305; Montague Co. v. Jackman, 77 Texas, 622; Solomon v. Skinner, 82 Texas, 345.

2. A vendor retaining a lien, the purchase money not being due, can not maintain trespass to try title. In this action plaintiff must allege possession or ouster, or that he was entitled to possession at the time of filing suit; or allege facts entitling him to rescission, and offer to do equity by return of purchase money paid. Stevens v. Motl, 82 Texas, 81; Kaufman & Runge v. Brown, 83 Texas, 41; Huffman v. Mulkey, 78 Texas, 559.

3. Where parties have agreed upon the price of land, and cash payment is made, and in order to secure time on the remainder a greater interest is charged, either directly or indirectly, than allowed by law, the contract is usurious, and under proper pleadings the proof of such usurious contract should be heard. Fisher v. Hoover, decided Austin Term, March, 1893.

*Jones, Kendall & Sleeper*, for appellee.—1. Under the laws of Texas, when a person buys land and receives a deed therefor, and the vendee at the same time executes to the vendor a deed of trust on the land to secure the unpaid purchase money, and then dies before the purchase money is paid, and the heirs of the vendee also fail to pay the purchase money when it comes due, the vendor may bring an action against the heirs in the District Court for rescission of the contract of sale, cancelling of the deed, and possession of the land; and if there are no supervening equities in favor of the heirs of the vendee, will be entitled to recover in such suit. Moore v. Giesecke, 76 Texas, 543; Patrick v. Roach, 21 Texas, 254; Coddington v. Wells, 59 Texas, 49; McCarty v. Moorer, 50 Texas, 287; McPherson v. Johnson, 69 Texas, 487; Dunlap v. Wright, 11 Texas, 597.

2. Where a suit is brought by a vendor in an executory contract to rescind the sale of land for nonpayment of purchase money by the vendee, with an alternative prayer for foreclosure of vendor's lien, and under the facts alleged and proved plaintiff is entitled to rescind, a plea of usury will be of no avail to defendants, unless they offer to pay the amount of money they admit to be due in case the plea of usury should be established. McPherson v. Johnson, 69 Texas, 484; Harris v. Catlin, 53 Texas, 8; Jackson v. Palmer, 52 Texas, 434; Baker v. Ramey, 27 Texas, 53; Dunlap v. Wright, 11 Texas, 604; Burgess v. Millican, 50 Texas, 397.

KEY, ASSOCIATE JUSTICE.—Appellee brought this suit against Willie Mapes, in person, and against Nancy G. Hood, her guardian, alleging, in substance, that on the 26th day of November, 1889, appellee sold to W. M. Mapes, now deceased, and father of said Willie, a certain lot in Waco; that said Mapes executed a vendor's lien note for the purchase money of said lot in the sum of $1012.50, payable in monthly installments of $16.87½ per month, etc.; that because of the failure to pay installments past due the entire debt had matured; and asserting the right to rescind the sale, sue for and recover the land. Appellants' answer contained general and special demurrers, pleas to the court's jurisdiction, and a plea of usury. The case was tried before the court without a jury, and judgment rendered for appellee for the premises, and the deed from appellee to W. M. Mapes was cancelled.

*Conclusions of Fact.*—The judgment recites the existence of the following facts, which recitals are supported by the testimony: "And the court, having heard the evidence and being fully advised, is of the opinion that the law and facts are with the plaintiff; and it appearing to the court that on the 26th day of November, 1889, the plaintiff, the People's Building and Savings Association, sold and conveyed by deed of that date to W. M. Mapes, now deceased, the land hereinafter described, and that on said date said Mapes paid to plaintiff the sum of $125 cash, and executed his note for $1012.50 to plaintiff, payable in sixty equal monthly installments of $16.87½ each, as purchase money for said property hereinafter described, and that, at the same time the deed and note were executed as aforesaid, W. M. Mapes executed to plaintiff a deed of trust upon the land conveyed by said deed, to secure the payment of said note; and it appearing further to the court, that said Mapes and the defendants have made default in the payment of said note and failed to perform the contract for the purchase of said land, as provided in the contract of sale aforesaid; and it further appearing to the court, that the value of the use and occupation of said land described in said deed is equal to the amount of purchase money paid therefor in cash, and on said note and the improvements thereon." In addition to the facts found by the court as shown by the judgment, the testimony shows that there was no administration on the estate.

*Conclusions of Law.*—1. In so far as appellee sought to recover the land, unquestionably the District Court had jurisdiction; and as the judgment is only for the land, it is not necessary to decide whether or not it had jurisdiction to render judgment on the note.

2. The purchase money for the land not having been paid when due, appellee could elect to reclaim the land or pursue its remedy for the remainder of the purchase money, unless it would be inequitable to allow such right of election. The testimony shows, that the rental

value of the land during the time the defendants and W. M. Mapes had possession of it, up to the time of trial, was largely in excess of the value of the improvements made thereon by them, and about equal to the amount of purchase money paid, with the value of the improvements added thereto. Appellants did not offer to pay for the land, and it was not shown that they had the ability to do so. On this state of facts, we do not think it was inequitable to allow a rescission of the sale and a recovery of the premises. McPherson v. Johnson, 69 Texas, 484; Lanier v. Foust & Douglass, 81 Texas, 186.

3. Conceding that the purchase money obligation was usurious, yet it does not follow that the judgment must be reversed. The evidence shows, that only $260 of the purchase money had been paid at the death of W. M. Mapes, and none is shown to have been paid since; and appellants admit in their answer that a balance of $550 was due thereon, which is admitted to be a proper and legal charge upon the land. This being the case, and there being no equitable reason why appellee should be denied its right of election to recover the land, it follows that the judgment rendered by the court below is correct; and therefore said judgment will be affirmed.

*Affirmed.*

Delivered October 31, 1894.