### C. M. LORING v. W. J. OXFORD.

Delivered March 19, 1898.

**1. Vendor and Purchaser—Failure of Consideration and Title.**

A grantee is not prevented from abandoning possession and tendering a reconveyance and defeating the recovery of the purchase price of the land for failure of consideration on account of the breach of the grantor's agreement to furnish him with an abstract showing a complete or perfect title, by reason of the fact that the deed warrants the title and he has not been disturbed in his possession.

**2. Abstract of Title.**

The provision of a contract requiring a vendor to furnish the purchaser a "complete or perfect abstract of title" will be construed by the court to require an abstract showing a complete and perfect title where the parties appear to have so understood it.

APPEAL from Erath. Tried below before Hon. J. S. STRAUGHAN.

*Daniel & Keith,* for appellant.

*Martin & George* and *W. F. Carlton,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—On the 23d of October, 1895, appellee Oxford conveyed a lot of land in the town of Stephenville to appellant Loring, warranting the title and reserving a lien to secure the payment of the purchase money, which was evidenced by the promissory notes declared upon in this suit.

In 'resisting payment of these notes appellant set up an agreement entered into at the time of their execution to the effect that appellee would furnish him "a complete abstract of title to said lot or parcel of land, showing a complete or perfect title in and to said land or lots, on or before the 1st day of April, 1896, the time when the first one of the five notes sued on matured;" and further alleging the failure of appellee to furnish such abstract of title.

The replication to this defense denied any breach of the contract so alleged, and charged "that immediately upon defendant's entry into said premises he, plaintiff, fully informed the defendant of the character of the abstract which he, plaintiff, had agreed to furnish the defendant, and that if there were any real or apparent irregularities in the chain of title as shown by said abstract, the defendant had full knowledge of same, and waived all objections thereto, and fully understood the same, and so understanding he agreed to accept an abstract thereafter to be furnished by the plaintiff in all respects identical with the one which plaintiff tendered to the defendant, as shown in the defendant's answer." This replication contained the further denial "that there was any agreement that he should furnish said abstract at any particular day certain," but charged "that it was agreed, understood, and contemplated that plaintiff should have a reasonable time after the sale was made to defendant to prepare, complete, and furnish to defendant the abstract of title for said premises, and that it was fully understood by the defendant that he should have such time;" further alleging "that within a reasonable time, and within the time contemplated by the defendant, and before any payment or demand for payment was made upon the notes herein sued upon, he did furnish to the defendant the abstract agreed upon."

According to the testimony of appellant, "the contract between plaintiff and defendant was that plaintiff should furnish defendant a complete abstract title to said lot, before or on the day when the first payment was to become due." According to that of appellee, this abstract was to have been furnished within a reasonable time, but as ample time within which to furnish it had elapsed when this suit was instituted, February 1, 1897, and as the contract necessarily allowed about five months, the effect of the contract, whether we adopt the one contention or the other, was practically the same.

That the abstract furnished by appellee failed to show a complete or perfect title must be conceded. Indeed, the last sentence in the statement of facts, in giving the testimony of appellee himself, contains an admission "that the title to said property is clouded." The abstract furnished was certified to by appellee, who was a lawyer, and appellant testified that he "knew nothing of the defects in plaintiff's title at the time he bought the property from the plaintiff, but relied on plaintiff to make a perfect abstract title to the lot, as he had agreed to do."

The controversy in the trial court does not seem to have been upon the meaning of the terms "complete or perfect abstract title," as both

parties seem to have treated the contract as imposing upon appellee the duty of furnishing, at least within a reasonable time, an abstract showing a complete or perfect title.

It seems that "abstract of title" has a somewhat different meaning in different countries (Warvelle on Abstracts, sections 4, 5, 6), and it is thus defined in Anderson's Law Dictionary, which is perhaps the most accurate definition for this country: "A concise statement of the record evidence of one's title or interest in realty." Such an abstract appellee seems to have furnished, though it failed to show a perfect title.

But whatever may be the theoretical or technical meaning of the terms, the rights of the parties to this controversy should be determined, we think, by the practical meaning ascribed by them to the language employed in their contract. Tested by this construction, we feel constrained to hold that appellee failed to show a compliance on his part with the condition upon which the notes were executed and delivered, and hence that the failure of consideration pleaded must be sustained. The facts that appellee warranted the title, and that appellant had not been disturbed in his possession, as these were only part of the inducement to the execution of the notes, did not prevent him from further insisting upon a compliance with the special contract alleged, which was perforce of such contract made an equally essential part of the consideration. See Brown v. Montgomery, 89 Texas, 250.

Appellant was not required to hold the land indefinitely, nor was he required to hold it at all, if appellee was unable to comply with the contract to furnish an abstract showing a perfect title. As he abandoned the possession and tendered in court a reconveyance, we are of opinion that upon the undisputed facts he was entitled to a decree requiring appellee to accept the reconveyance and surrender the notes thereby rescinding the sale.

The judgment will therefore be reversed, and here rendered in accordance with this conclusion.

*Reversed and rendered.*