### J. P. LANDRUM v. T. E. BUFORD ET AL.

Decided April 19, 1902.

**Vendor and Purchaser—Contract—Condition Precedent—Forfeit.**

An intending purchaser of land placed on deposit a sum of money upon an agreement that it should be forfeited to the vendor if the latter, within a specified time, furnished the opinion of an attorney, to be agreed on, to the effect that the title was good, and such purchaser failed to then pay the balance of the purchase price. Held, that the furnishing of the opinion being a condition precedent to the forfeitor, there could be no forfeiture without the opinion, and that the purchaser's refusal to agree on an attorney, unless made in bad faith, would not work a forfeiture.

Appeal from the County Court of Jefferson. Tried below before Hon. George C. O'Brien.

*Lanier, Bullitt & Wilson,* for appellant.

GARRETT, CHIEF JUSTICE.—This action was brought in the County Court of Jefferson County by J. P. Landrum against T. E. Buford and F. H. Votaw to recover the sum of $500 placed by Buford in the hands of Votaw as stakeholder as a forfeit on a contract dated April 29, 1901, by which Buford agreed to purchase 25 acres of land from Landrum upon conditions set out in the written agreement. The deposit was in the form of a check drawn by Buford on the Beaumont National Bank for the sum of $500, payable to the order of Landrum. By the terms of the writing Buford agreed to pay Landrum the sum of $100 per acre for the following described land in Jefferson County, Texas, to wit: "Section 18 F. 33342 of block No. 9 of the Texas and New Orleans Railroad lands, said section containing 25 acres;" conditioned upon the said Landrum's being able to furnish within ten days an abstract of the records showing good and perfect title thereto in himself.

The agreement further recited that the said Buford had paid in hand to the said Landrum the sum of $500 as a forfeit upon conditions as follows: If the said Landrum "shall show good title to the said land within the ten days aforesaid, and the said T. E. Buford shall be furnished with an abstract of title accompanied by the opinion of an attorney to be agreed upon, that the same is good, and shall fail to pay the balance of said forfeit (sic) in cash within the said ten days or within a reasonable time after the abstract and opinion are furnished to him (assuming that he, the said T. E. Buford, has the money necessary to make said payment on deposit in the city of Beaumont, in Jefferson County). Then this agreement is to become null and void, and the right of the said J. P. Landrum to the said forfeit shall be absolute. But if the said title shall be shown as aforesaid and the said T. E. Buford shall offer and be ready to pay and pay the balance of said purchase money as aforesaid, then the title shall thereby vest in the said T. E. Buford, and the said J. P. Landrum hereby binds himself in that event to make conveyance thereof."

The cause was tried by the court without a jury, and it was shown that the forfeit, instead of being paid into the hands of Landrum, was, evidenced by the check of Buford as above stated, placed together with the contract in the hands of Votaw, subject to the conditions of the contract. Within the ten days the plaintiff submitted to the defendant Buford an abstract of the title to the land showing that plaintiff had a good title, together with an opinion thereon by Messrs. Greer & Rose, attorneys at law of Beaumont, Texas, pronouncing the title a good and perfect title. Buford refused to accept the opinion of Greer & Rose, whereupon the plaintiff requested him to name some other attorney whose opinion would be acceptable. Buford suggested J. F. Lanier, but the plaintiff would not agree to Lanier because he was the brother-in-law of Buford, but suggested that the attorneys named act together, and if they could not agree, that they should call in another firm who should decide between them. Buford objected to this proposition, as also to

the defendant Votaw, who is an attorney and was suggested by the plaintiff. No further effort was made by the parties to agree upon attorney to pass upon the title, and the plaintiff having tendered a deed brought suit, alleging in his petition "that he did not furnish the said Buford the opinion of an attorney, agreed upon by plaintiff and said Buford, approving the title to said land in plaintiff, for the reason that said Buford then refused and still refuses to agree with plaintiff in the selection of an attorney for said service."

The court below rendered judgment in favor of plaintiff against the defendant Buford for the sum of $500, and against the defendant Votaw that he deliver the check to the plaintiff, and in the event of his failure to do so that execution issue against him for the sum of $500.

Quite a number of errors have been assigned by counsel for the appellants, but we deem it necessary to notice only one question, which we think controls the decision of the case, and that is of the necessity of the plaintiff's furnishing the defendant Buford with an opinion by an attorney agreed upon by himself and Buford that plainiff's title to the land was good. This condition was not complied with, but the plaintiff seeks to avoid the necessity of a compliance therewith by showing that the defendant Buford refused to agree upon an attorney. A contract providing for a forfeiture or penalty is always strictly construed; and when parties have entered into a contract that is not illegal, as they contract so will they be bound. By the terms of the contract the forfeit was upon the condition that the plaintiff should furnish Buford with an abstract of the title of the land accompanied by the opinion of an attorney to be agreed upon, that the title was good, and by the plain condition of the contract the forfeiture could not be enforced, because Buford had not agreed upon an attorney who should furnish him with an opinion. The furnishing of an opinion was a condition precedent to the enforcement of the forfeiture. Slayden v. Sanger, 26 S. W. Rep., 848; Tennant v. Fawcett, 58 S. W. Rep., 824; Adams R. and B. Works v. Schnader, 35 Am. St. Rep., 893; 7 Am. and Eng. Enc. of Law, 2 ed., 117, 118.

The mere refusal of Buford to agree upon an attorney would not deprive him of the right to have the condition performed. It would be necessary for the plaintiff to allege and show that he acted fraudulently and in bad faith in his refusal to agree upon an attorney for the sole purpose of defeating the performance of the condition. See authorities supra; also Tennant v. Fawcett, 66 S. W. Rep., 80. Even if it should be held that the evidence was admissible under the pleading to show that Buford's refusal was in bad faith, the evidence adduced utterly fails to show bad faith on his part in refusing to agree upon an attorney. But little effort was made by the plaintiff to get an agreement, and the defendant gave reasonable explanations for his objections to the attorneys that were suggested. The plaintiff failed to show any cause of action, and the judgment of the court below will be reversed and judgment

will be here rendered that the plaintiff take nothing by his suit, and that the defendant Votaw deliver to the defendant Buford the check in his possession.

*Reversed and rendered.*