## GEORGE W. TEAGUE v. W. J. TEAGUE.

Decided January 7, 1903.

**Deed—Consideration Contractual—Cancellation—Reformation.**

A conveyance of land on an expressed consideration of an annual rental of a part of the crops thereon to be paid the grantor during life, was contractual, and not a bare recital of consideration, and, in the absence of allegation of fraud or mistake and attempted reformation of the instrument, pleading and evidence that it was upon a different and executed consideration presented no defense to an action to cancel the deed for failure of the grantee to make such payments of rent.

Appeal from the District Court of San Saba. Tried below before Hon. M. D. Slator.

*Rector & Brown,* for appellant.

*Allison & Walters* and *Leigh Burleson,* for appellee.

FISHER, CHIEF JUSTICE.—This is a suit by appellee Teague against appellant, George W. Teague to cancel a deed executed by appellee to appellant, conveying a tract of land situated in San Saba County. On trial before a jury, verdict and judgment resulted in plaintiff's favor.

The deed contains the following recital: "That I, W. J. Teague, of the county of San Saba in the State aforesaid, for and in consideration of one dollar, and the consideration hereinafter expressed as follows, paid and to be paid by George W. Teague: the annual rent of one-third corn and one-fourth the cotton raised on the after described land, said rent to be due yearly, as the same is raised during my natural life; said rent to be due and payable to me annually, the corn in September, and the cotton to be delivered to the nearest convenient gin each year; and at my death the said George W. Teague to have title to said land in fee." The deed continues in the usual form conveying the land to appellant.

The above is all the statement of consideration stated in the deed. The plaintiff pleaded and offered to prove that the deed was executed upon a different consideration than that recited. That plaintiff promised to will the land to defendant, or pay him $500 in case he sold the land before his death, and that the deed was executed for the purpose of repaying the defendant for a bunch of cattle belonging to the defendant, which the plaintiff had sold.

Defendant in his answer did not ask for reformation of the deed, nor is there an averment to the effect that it did not recite the true consideration by reason of fraud or mistake.

There is evidence in the record which authorizes the conclusion that the contract reciting the consideration as stated in the deed was not complied with by the appellant. In various forms the contention is urged by assignments of errors that the defense pleaded setting up a different consideration, and the evidence offered to that effect raised

the issue that the deed was executed upon a different consideration than that stated in the body of the instrument. The court sustained demurrers to so much of the answer as pleaded a different consideration, and declined to admit evidence tending to prove that the deed was executed upon a different consideration than that stated.

The statement quoted as taken from the deed is more than a bare recital of the consideration. It is in its nature contractual. It states the terms under which the land was conveyed, and a breach of that condition was sufficient upon which to base an action to recover the premises and cancel the conveyance. This case comes within the principle decided in Byars v. Byars, 11 Texas Civ. App., 565; Weaver v. Gainesville, 1 Texas Civ. App., 286; Kahn v. Kahn, 94 Texas, 114; Garrett v. Railroad Co., 52 Texas, 133, and Gibson v. Fifer, 21 Texas, 260.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*