MATHESON v. C–B LIVE STOCK CO. et al.
(No. 774.)

(Court of Civil Appeals of Texas. Amarillo.
May 1, 1915.)

1. EVIDENCE ☞419 — DOCUMENTARY EVIDENCE—PAROL EVIDENCE TO VARY.

Where a contract for the sale of land fixed the consideration and provided the mode of payment, it is more than a mere recital of fact, and cannot be varied by parol evidence of an additional consideration agreed upon between the parties.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1912–1928; Dec. Dig. ☞419.]

2. VENDOR AND PURCHASER ☞140 — CONTRACTS—CONSTRUCTION.

Where a contract for the conveyance of land required the purchaser to pay the remainder of the price within a given time, but also obligated the vendor to furnish an abstract of title within a reasonable time, the furnishing of the abstract was a condition precedent to the vendor's right to demand payment, and the purchaser's failure to pay the consideration is no ground for forfeiture, where the vendor had not furnished the abstract.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 262–264; Dec. Dig. ☞140.]

3. VENDOR AND PURCHASER ☞98—RESCISSION—CONDITIONS PRECEDENT.

Before a vendor can rescind a contract for the sale of land on account of the purchaser's nonperformance, he must offer to refund the purchase money already paid.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 163–165; Dec. Dig. ☞98.]

Appeal from District Court, Crosby County; W. R. Spencer, Judge.

Action by H. D. Matheson against the C–B Live Stock Company and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Bean & Klett, of Lubbock, for appellant. J. W. Burton, of Crosbyton, for appellees.

HALL, J.    The appellant instituted this suit against the C-B Live Stock Company and the Crosbyton South Plains Townsite Company to enforce specific performance of a contract of sale for the conveyance of a certain town lot in Crosbyton. It was alleged that the contract was made by the Live Stock Company August 8, 1908, and since that date the said company had conveyed the property to the Townsite Company, with notice on the part of the latter company of the terms of said contract. The contract provides that the Live Stock Company—

"has agreed to sell, and the said party of the second part [Matheson] has agreed to buy, all that certain tract or parcel of land situated in the county of Crosby and state of Texas, described as follows, to wit: The south half of block 8 in Crosbyton, Texas, containing 1.4 acres. The party of the first part agrees that it will furnish, within a reasonable length of time after the execution of this contract, an abstract of the above-described tract or parcel of land, showing good title thereto to be in it, and that, upon the payment to it by said party of the second part of the amount hereinafter stipulated to be paid in cash, the said party of the first part will convey by its warranty deed the tract of land above described to the party of the second part, free and clear of all incumbrance whatsoever. The said second party further agrees that upon the date of the delivery to him by the said party of the first part of the said warranty deed, which shall be of even date herewith, conveying to him the above-described premises as aforesaid, he will pay to the party of the first part the sum of $40 in cash. The party of the second part further agrees that he will not assign his rights in or under this contract, or any part thereof, without the written consent of the party of the first part. The said sum of $40 is to be paid on or before November 1, 1908. The C-B Live Stock Company acknowledges the receipt of $10, which is a part of the purchase price of the above-described tract, leaving the said $40 to be paid on or before November 1, 1908."

Appellee answered that in addition to the consideration of $50, expressed in the written contract, there was a verbal promise, made before said written contract was entered into, on the part of plaintiff, to improve the property by building a dwelling on said property; that appellant never tendered the $40 mentioned in said contract before November 1, 1908, nor was said sum ever deposited in the registry of the court; that on account of the failure of appellant to make such payment or tender on or before November 1, 1908, appellee, on January 15, 1909, canceled, rescinded, disaffirmed, and forfeited said contract, and so notified appellant.

[1] It is further alleged by appellees, as an excuse for not incorporating the promise to improve the property in the written contract, that "by special agreement no consideration was put into the contract except the $50, and that the further contract of building on said property was omitted because defendant believed that the plaintiff was an honest man." The answer contained no allegation of fraud, accident, or mistake, and the controlling question in the case is the right of appellees to prove by parol the additional agreement on the part of appellant to build a dwelling upon the premises. In 17 Cyc. 661, the rule governing in such cases is stated as follows:

"Where the statement in a written instrument as to the consideration is more than a mere statement of fact or acknowledgment of payment of a money consideration, and is of a contractual nature, as where the consideration consists of a specific and direct promise by one of the parties to do certain things, this part of the contract can no more be changed or modified by parol or extrinsic evidence than any other part, for a party has the right to make the consideration of his agreement of the essence of the contract, and when this is done the provision as to the consideration for the contract must stand upon the same plane as the other provisions of the contract with reference to conclusiveness and immunity from attack by parol or extrinsic evidence."

6 A. & E. Enc. of Law (2d Ed.) p. 775, after announcing the general rule that parol evidence is admissible to vary the consideration expressed in a deed when it is merely the recital of a fact, says:

"So much for the admissibility of evidence to vary the consideration expressed in a deed or written contract, when the expression is merely the recital of a fact. When, however, the statement of the consideration leaves the field of mere recital and enters that of contract, thereby creating and attesting rights, as shown by the intention of the parties to be gathered from the instrument, it is no longer open to contradiction by extrinsic evidence."

A review of the cases in this state by the Supreme Court and the various Courts of Civil Appeals, discussing this question, will result in some confusion upon the question of what is a contractual consideration. The case of Jackson v. Chicago, etc., R. R. Co., 54 Mo. App. 636, announces the rule that money may also be contracted for as the consideration in a written contract, and when the intention to so contract is disclosed by the written instrument, no other or additional consideration can be shown. 6 A. & E. Enc. of Law, p. 775, note 1. In the note to Shehy v. Cunningham, 25 L. R. A. (N. S.) 1207, it is said:

"Where the consideration clause is itself a part of the contract, and not merely a receipt, the general rule as to the inadmissibility of evidence to vary or contradict a writen contract prevails. Although it might be argued that the consideration clause is in every deed a part of the contract, yet, as is shown in the cases quoted in the first part of the note, the cases generally hold that the consideration clause is merely a receipt, and forms no necessary part of the deed; in a few cases, however, the character of the consideration is such that the payment thereof is to be deemed a part of the contract, and under such circumstances parol evidence is not admissible to vary or contradict it."

3 Jones on Evidence (Horwitz) § 468, states the limitation to be that, if the parol testimony proposed tends to change the contract itself, instead of the consideration, it should be rejected.

4 Wigmore on Evidence, § 2433, uses this language:

"But the statement of a consideration may, on the other hand, sometimes be itself an operative part of the contractual act, as when in the same writing the parties set out their mutual promises as consideration for each other. Here the word 'consideration' signifies a term of the contract, and hence the writing alone can be examined. * * * In general, then, it may be said that a recital of consideration received is, like other admissions, disputable so far as concerns the thing actually received, but that, so far as the terms of a contractual act are involved, the writing must control, whether it uses the term 'consideration' or not."

In 4 Enc. of Evidence, 200, the rule is stated thus:

"Where the recital of consideration is something more than a mere receipt or recital, and embodies the terms of a contract, it is subject to the general rule, excluding parol evidence of additional terms in spite of the fact that they may have constituted part of the consideration. This limitation seems to have been overlooked in some cases. Where the consideration recited is an executory agreement, it is generally regarded as contractual, as, for example, an agreement to pay the price at a particular time and in a particular manner, to assume to pay a debt, to build a railroad over the premises, or to relinquish a dower right."

The case of Coverdill v. Seymour, 94 Tex. 8, 57 S. W. 37, seems to be the leading case by the Supreme Court in this state touching the question. There the contract recited a cash consideration of $500 and a note for $4,750, in payment for a lumber business. It was stipulated in the contract that Coverdill should turn over to Seymour the proceeds of all sales daily, to be credited on the note. Evidence of a further agreement to pay for additional lumber was excluded.

In Rapid Transit Railroad Co. v. Smith, 98 Tex. 553, 86 S. W. 322, the Supreme Court held that a written release of damages for personal injuries, in which the recited consideration was $15 cash and the assumption of doctor's bills, could not be supplemented by proof of a promise to furnish employment.

Kahn v. Kahn, 94 Tex. 114, 58 S. W. 825, presents a state of facts in which the husband conveyed land to the wife as her separate property. Evidence that such was not his intention was excluded, upon the ground that the recital created a status which was contractual, and he was not permitted to prove a contrary intention upon his part.

In East Line Railway Co. v. Garrett, 52 Tex. 137, it appears that Garrett made a right of way deed to the appellant, reciting a consideration of $1 and an agreement on the part of the railroad company to locate its railroad on his lands in Wood county. The court excluded an effort to prove, as a further consideration, an agreement on the part of the company to build a depot upon his lands.

Pickett v. Green, 120 Ind. 584, 22 N. E. 737, frequently cited by the Supreme Court as authority upon this question, states the reason for the rule which permits oral or parol testimony to vary or contradict the consideration in a deed as follows:

"The reason generally given for the rule is that the language with reference to the consideration is not contractual. It is merely by way of recital of a fact, viz., the amount of the consideration, and not an agreement to pay it; and hence such recitals may be contradicted."

Coffey, Justice, then proceeds:

"There is also a rule, so well known that it needs no citation of authority, to the effect

that parol testimony cannot be received to vary, contradict, or add to the terms of a written contract; and out of this grows the exception to the rule first above stated—that where the contract is complete upon its face the stipulation as to the consideration becomes contractual; and where there is either a direct and positive promise to pay the consideration named, or an assumption of an incumbrance on the part of a grantee in a deed which becomes binding upon its acceptance, the ordinary rules with reference to contracts apply, and the consideration expressed can no more be varied by parol than any other portion of the written contract. Welz v. Rhodius, 87 Ind. 1 [44 Am. Rep. 747]; Hubbard v. Marshal, 50 Wis. 322, 6 N. W. 497; Manufacturing Co. v. Forsythe, 108 Ind. 334, 9 N. E. 372; Carr v. Hays, 110 Ind. 408, 11 N. E. 25; Diven v. Johnson, 117 Ind. 512, 20 N. E. 428, 3 L. R. A. 308; Conant v. Bank (Ind.) 22 N. E. 250 (this term). In this case it will be observed that the appellant, by the terms of the contract set out in the complaint, in consideration of the agreements and covenants therein set forth, sold to the appellees his office furniture and his good will in the practice of medicine, and agreed not to practice medicine within a radius of 10 miles of the town of Albion for the period of 15 years. In consideration of this sale and agreement, the appellees stipulated in the agreement to pay him $100 within 10 days. The answer of the appellant, to which the court sustained demurrers, contradicts this agreement, and avers that the consideration for the agreement on the part of the appellant not to practice medicine within a radius of 10 miles of the town of Albion was an agreement on the part of the appellee Wm. T. Green to purchase certain real estate. We are of the opinion that the appellant cannot be permitted to thus contradict the written agreement into which he has entered."

Of course, if the recital of the consideration of an instrument is a mere receipt for the money and a statement of the fact that it has been paid, it may be contradicted, like any other receipt. Lanier v. Foust et al., 81 Tex. 186, 16 S. W. 994; Taylor v. Merrill, 64 Tex. 494; Womack v. Wamble, 7 Tex. Civ. App. 273, 27 S. W. 154. But the contract in this case is purely executory. Only $10 had been paid. As to its remaining terms, the promises of one party are made the consideration for the promises of the other. To permit one party to supplement or add to the obligations resting upon him would be equivalent to saying that the other party could do likewise. 2 Page on Contracts, §§ 1203, 1205.

In Teague v. Teague, 31 Tex. Civ. App. 156, 71 S. W. 555, the consideration named in the deed was $1 paid and the annual rent of corn and cotton to be raised on the land during the natural life of the grantor. The defendant pleaded and offered to prove that the deed was executed upon a different consideration, viz., that plaintiff would, by will, give the land to defendant or pay defendant $500 in case he sold the land before his death; that the deed was executed for the purpose of repaying the defendant for a bunch of cattle belonging to defendant, but which plaintiff had sold. In various forms the contention is urged that the defense pleaded set up a different consideration and the evidence offered thereon raised the issue

that the deed was executed upon a different consideration than that stated in the body of the instrument. Demurrer was sustained to this allegation and the court declined to admit proof thereof. Fisher, Chief Justice, said:

"The statement quoted as taken from the deed is more than a bare recital of the consideration. It is in its nature contractual. It states the terms under which the land was conveyed, and a breach of that condition was sufficient upon which to base an action to recover the premises and cancel the conveyance."

Justice Neill, in Boone v. Mierow, said:

"Parol evidence of a consideration different from or additional to that stated in a written agreement between the parties is not admissible in a case where the consideration for the acts or agreements of one party are the undertakings of the other, and both are stated in writing. Coverdill v. Seymour, 94 Tex. 8 [57 S. W. 37]. In Texas & Pacific Co. v. Lawson [10 Tex. Civ. App. 497], 31 S. W. 846, where precisely the same question arose that is involved in this case, the court said: 'We cannot liken the contract in this instance to the case of a deed, where it is permitted to contradict the recited consideration by parol evidence showing the true consideration. Gibson v. Fifer, 21 Tex. 263; Glenn v. Mathews, 44 Tex. 406. Here the writing purports to set out with great detail the agreement of the parties. It appears to be in every respect complete. The statement of the consideration is not the "mere recital of a fact, viz., the amount of the consideration," but it is an "agreement about it." It is contractual, and it cannot be varied by proof of a parol contemporaneous agreement ingrafting an additional consideration.' " 33 Tex. Civ. App. 295, 76 S. W. 772.

Because the contract in this case is executory, and until the parties have complied with its terms no interest in the land was vested in Matheson, the authorities above quoted, and which for the greater part are taken from cases where the contract is executed, are of peculiar force. The writer said, in the case of Clayton v. Western National Wall Paper Co., 146 S. W. 697, that recitals of a written instrument as to the consideration could always be inquired into and shown by parol what the real consideration was, or that there was a want or failure of consideration. We are convinced that the rule as there stated is too broad, and it is limited as hereinbefore stated in this opinion.

[2] We shall not consider the assignments in the order presented, nor discuss all of them, since several of them present the same questions. It is sufficient to say, in disposing of the case, that according to our construction of the contract as presented in the record the furnishing of an abstract by appellee was a condition precedent to its right to demand the payment of the $40. A reasonable construction would not require appellant to pay for the property in full until he was satisfied of the validity of his title. Not having furnished the abstract, appellee could not rescind the contract without the consent of appellant. Bowles v. Umberson, 101 S. W. 842; Loring v. Oxford, 18 Tex. Civ. App. 415, 45 S. W. 395; Landrum v. Buford,

29 Tex. Civ. App. 62, 67 S. W. 1066; Sparkman v. Davenport, 160 S. W. 410; Wright v. Bott, 163 S. W. 360.

[3] Appellant not being required to make the deferred payment until an abstract had been tendered him in accordance with the contract, he was not in default, and before appellee could rescind by suit it must offer to refund the purchase money already paid. Smith v. Moore, 155 S. W. 1017; Foster v. Eoff, 19 Tex. Civ. App. 405, 47 S. W. 399; Harris v. Catlin, 37 Tex. 581.

The judgment is reversed, and the cause remanded.