BRADY et al. v. COPE et al. (No. 595.)*

(Court of Civil Appeals of Texas. El Paso. May 25, 1916. Rehearing Denied June 29, 1916.)

1. CONTINUANCE ☞11—WITHDRAWAL OF ANNOUNCEMENT OF READY—DEFECT OF PARTIES.

In a consolidated suit to quiet title, the request of defendants, made after various dismissals and an interlocutory judgment against them, for permission to withdraw their announcement of ready for trial and continue the case that they might make again parties to the suit parties as to whom they had dismissed, was properly refused, where defendants had had ample opportunity by appropriate pleadings to raise all issues with respect to title existing between themselves and the parties sought to be made parties to the suit; defendants having filed no cross-action.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 19–24; Dec. Dig. ☞11.]

2. EVIDENCE ☞183(7)—RECORD EVIDENCE—PREDICATE FOR INTRODUCTION OF SECONDARY EVIDENCE.

In suit to quiet title, proof of the destruction by fire of justice court records of a precinct in a county laid a proper predicate for the introduction of secondary evidence to prove the existence of such a judgment and execution issued thereon under which the land was sold.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 618; Dec. Dig. ☞183(7).]

3. PRINCIPAL AND AGENT ☞56—PERFORMANCE BY AGENT.

Where a divorced wife appointed an agent and attorney to recover land which had been community property, such agent and attorney carried out his contract by employing an attorney to prosecute suit against adverse claimants, who did file suit.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 91; Dec. Dig. ☞56.]

4. QUIETING TITLE ☞10(2)—TITLE OF PLAINTIFF.

In suit to quiet title, a party to whom a one-half interest in the land was conveyed in consideration of his acting as agent and attorney for an owner to recover it, though he failed to perform the services he had undertaken, could recover against the grantees of the purchaser at judicial sale of the property under a judgment of which satisfactory proof was not made.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 37, 40, 42; Dec. Dig. ☞10(2).]

5. DEEDS ☞19 — RESCISSION — FAILURE OF CONSIDERATION.

Where a party who undertook, in consideration of a conveyance of a half interest in land sold under judicial sale, to act as agent and attorney for an owner in recovering it failed to perform the agreed services, the owner or those in privity with her could rescind the conveyance of the half interest.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 38; Dec. Dig. ☞19.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.

6. APPEAL AND ERROR &#9902;&#8594;742(1) — ASSIGNMENT OF ERROR—PROPOSITION—CONSIDERATION.

A proposition subjoined to an assignment of error, but not germane thereto, cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. &#9902;&#8594;742(1).]

7. NEW TRIAL &#9902;&#8594;102(1)—GROUND—NEWLY DISCOVERED EVIDENCE.

New trial will not be granted for newly discovered evidence except upon showing of good reason why the evidence was not discovered prior to trial and produced thereon.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 210; Dec. Dig. &#9902;&#8594;102(1).]

8. NEW TRIAL &#9902;&#8594;108(1) — GROUND — NEWLY DISCOVERED EVIDENCE.

New trial will not be granted for newly discovered evidence unless it is likely that the evidence would produce a different result upon a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 226; Dec. Dig. &#9902;&#8594;108(1).]

Appeal from District Court, Leon County; S. W. Dean, Judge.

Suit by J. C. Cope and others against Sadie B. Brady and others, wherein, after E. E. Weaver and others sued J. C. Cope and another, and after various dismissals were entered, J. C. Cope finally sued Sadie Brady and others. From a judgment for plaintiffs defendants appeal. Affirmed.

P. W. Brown, of Ft. Worth, for appellants. Campbell & Sewell, of Palestine, Joe H. Seale, of Centerville, and Davis & Davis, of Center, for appellees.

HIGGINS, J. J. C. Cope, Paralee Weaver and L. H. Weaver filed suit in trespass to try title against W. B. Brady, John M. Brady, Sadie Brady, Nora Brady, and Perry Smith to recover a portion of the Joseph Beaty survey in Leon county. Subsequently E. E. Weaver, Walter Weaver, and Joe Weaver filed suit in trespass to try title against J. C. Cope and P. I. Smith to recover the same tract of land. Various dismissals were entered as hereinafter indicated, leaving J. C. Cope suing John M. Brady, Sadie Brady, and Nora Brady for the land. Upon trial before the court, Cope recovered an undivided one-half interest in the land. John M. Brady, Sadie Brady, and Nora Brady prosecute this appeal.

The court filed findings of fact and conclusions of law as follows:

"(1) L. H. Weaver is common source of title, through whom all parties plaintiff and defendant herein claim.

"(2) On the 29th day of April, 1892, in cause No. 460, L. H. Weaver v. Paralee Weaver, in the district court of Shelby county, Tex., plaintiff was granted a divorce.

"(3) On January 22, 1892, L. H. Weaver and Paralee Weaver executed a deed to F. P. Brewer, conveying the land in controversy in the suit for the use and benefit of Mrs. Paralee Weaver, her heirs and assigns, the consideration in said deed of trust being that they could not live together again as husband and wife, and to rightfully and equitably adjust the property rights between them.

"(4) On April 5, 1893, S. W. Robinson, sheriff of Leon county, Tex., executed a deed to S. A. King, conveying all the rights of Paralee and J. F. Weaver as fully and completely as he could do so as sheriff of Leon county, in and to the land in controversy in this suit. Said deed recites that the same was made by virtue of a certain execution issued out of the justice court of precinct No. 7, Shelby county, Tex., on a certain judgment in favor of W. M. Wilson against Paralee Weaver and J. F. Weaver, rendered on January 16, 1893, and directed and delivered to me as sheriff of Leon county, commanding me, of the goods and chattels, lands and tenements, of said J. F. and Paralee Weaver, to make certain moneys in said writ mentioned and recited, and recites legal notice of sale and levy; that on the first Tuesday in April, 1893, within the hours prescribed by law, said premises were sold at public vendue in the county of Leon at the door of the courthouse thereof, to S. A. King for the sum of $100, he being the highest bidder therefor.

"(5) The justice court records of precinct No. 7, Shelby county, Tex., have been burned.

"(6) W. M. Wilson, who lived at Timpson in Shelby county, Tex., had a claim for $100 against John S. Briarly, an attorney of the Timpson bar, and the said Briarly represented to him that he had a judgment against the Weavers, and asked Wilson if he would take said judgment in satisfaction of his claim, and informed Wilson that the Weavers had some land in Leon county, and that the judgment could be collected. Wilson came down to see about the sale of the land and got here a week before the day of sale and got Dr. S. A. King to look after the land for him, and asked Dr. King to see that the land brought $100.

"(7) No proof was made, other than above, of the existence of any judgment against Paralee Weaver and J. F. Weaver, or Paralee Weaver and L. H. Weaver, or any of the Weavers, and no proof was made as to whether Briarly was living or dead, nor as to whether the justice of the peace of precinct No. 7, Shelby county, Tex., was living or dead, nor as to the name of said justice of the peace at the time.

"(8) On April 22, 1893, S. A. King executed a deed to W. B. Brady, conveying the land in controversy in this suit, and on July 1, 1896, executed to said Brady a deed making corrections in the deed first executed.

"(9) It was admitted that the defendants Sadie Bell Brady, Nora Brady, and John M. Brady are the sole heirs at law of W. B. Brady and his wife, and it was further admitted that E. E. Weaver, Walter Weaver, and Joe Weaver are the sole heirs at law of Paralee Weaver and J. F. Weaver.

"(10) On February 23, 1909, Paralee Weaver executed a power of attorney to J. C. Cope, conveying to said Cope an undivided one-half interest in the land in controversy in the suit.

"(11) J. C. Cope, in carrying out his contract with the grantors in said power of attorney, coupled with an interest to him, employed Joe H. Seale, as attorney, to prosecute suit against adverse claimants, and the said Seale had some correspondence with parties, called in person on P. I. Smith, an adverse claimant, and did file the suit of J. C. Cope et al. v. W. B. Brady et al. herein.

"(12) After the submission of the case, and after I had announced to counsel and made an order on the docket for an interlocutory judgment against the claim of the Brady heirs, and while I had under consideration the controversy between J. C. Cope and the Weavers, with regard to claim of Cope for a half interest in the land in controversy under the power of attorney, coupled with an interest introduced in evidence and set out above herein, counsel for the Weavers in open court announced that

they would waive their right to a judgment at this term, and ask leave of the court to take a nonsuit, which was granted by the court, and judgment is now rendered for J. C. Cope for a half interest in the land conveyed to him in the power of attorney introduced in evidence.

Conclusions of law:

"1. The proof as to the existence of a judgment in favor of W. M. Wilson against J. F. and Paralee Weaver is not sufficient to authorize me to conclude that such judgment existed, and there are no facts and circumstances in evidence that would authorize me to presume that such judgment did in fact exist.

"2. The plaintiff J. C. Cope is entitled to recover a one-half interest in the land in controversy herein, under the power of attorney, coupled with an interest, which was introduced in evidence."

[1] On March 1, 1915, the consolidated cause was called for trial, and all parties appeared and announced ready for trial, whereupon the suit by L. H. and Paralee Weaver was dismissed, they having died, and the suit against W. B. Brady and Smith was also dismissed. The testimony of the parties was then introduced, whereupon the court announced that he would render judgment in favor of Cope against John M., Sadie, and Nora Brady for an undivided one-half interest in the land. Thereafter, on March 11, 1915, the cause came on for further hearing, and thereupon the plaintiffs E. E. Weaver, Walter Weaver, and Joe Weaver took a nonsuit and dismissed their suit as indicated above. Whereupon the defendants, John M., Sadie, and Nora Brady requested the court to set aside the interlocutory judgment rendered against them theretofore, and permit them to withdraw their announcement of ready for trial and continue the case, in order that they might again make the Weavers parties to the suit, so that the issues between the Bradys and Weavers might be adjudicated, and all questions respecting the title adjudicated. This request the court refused, and such refusal is made the basis of the first assignment. In so doing the court did not err. Its action was eminently proper. The Bradys had had ample opportunity, by appropriate pleadings, to raise all issues existing between themselves and the Weavers with respect to the title. They had filed no cross-action, and at that late stage of the proceedings, they certainly could not insist upon the action which they requested, in order that they might again bring the Weavers into the suit and have the issues between them adjudicated. Their rights could be adequately enforced and protected by an independent suit.

[2] Error is assigned to the court's conclusion of law that the evidence was insufficient to establish the existence of a judgment in favor of W. M. Wilson against J. F. and Paralee Weaver, and that there are no facts and circumstances in evidence that would authorize him to presume that such a judgment in fact existed. The validity of the sheriff's deed under which appellants claim depended upon the existence of such a judgment.

Proof of the destruction by fire of the justice court records of precinct 7 in Shelby county laid a proper predicate for the introduction of secondary evidence to prove the existence of such judgment, and an execution issued thereon, under which the land was sold. Aside from the recitals in the sheriff's deed, no evidence thereof was offered, and this was insufficient. Howard v. North, 5 Tex. 311, 51 Am. Dec. 769; Wofford v. McKinna, 23 Tex. 36, 76 Am. Dec. 53; Leland v. Wilson, 34 Tex. 79. Under certain circumstances the existence thereof might be presumed (Walker v. Emerson, 20 Tex. 707, 73 Am. Dec. 207), but there are no facts found by the court in the case at bar, nor in the evidence adduced, which would raise such a presumption, and the court properly so held. The findings of fact state all the evidence adduced of any probative force which was in any wise pertinent to the issue.

It is next complained that the court erred in his sixth finding of fact that Briarly represented to Wilson that he had a judgment against the Weavers, and asked Wilson if he would take the judgment in satisfaction of his claim, whereas the testimony of Wilson was that:

"Briarly came to him, and asked if he would take a judgment against Paralee and J. F. Weaver for $100 in satisfaction of the $100 that he (Briarly) was due Wilson, stating that the judgment would be good, and that Paralee and J. F. Weaver owned land in Leon county, and that the execution could be issued on said land, also stating, as well as he could remember, this conversation with Briarly was before the judgment was rendered, and that perhaps the judgment was rendered in his (Wilson's) name."

This inaccuracy in the finding is of no consequence. If the court had found precisely as Wilson testified, it would not have affected the legal aspect of the case.

[3] The power of attorney from Paralee Weaver to Cope, under which Cope deraigns his title, appointed Cope her agent and attorney to recover the land, and in consideration of his services conveyed to him a one-half interest in the land. Cope was to be responsible for and to pay all expenses connected with the recovery of the land. The fourth, fifth, and sixth assignments assail the correctness of the court's action in adjudging to Cope a one-half interest in the land, upon the ground that it was not shown that Cope had performed any service under his attorneyship prior to the death of Paralee Weaver sufficient to invest him with any title. The court's eleventh finding of fact, the correctness of which is not assailed, shows sufficient performance by Cope. And an examination of the evidence abundantly supports these findings, and shows a substantial performance by Cope prior to the death of Paralee Weaver.

[4, 5] But if it be conceded that Cope had failed to perform the services which he had undertaken to perform in the power of attorney, this could not affect his right to recover against the Bradys. The power of

attorney conveyed a one-half interest to him. The contract of conveyance was executed and not executory. Had he failed to perform the services which he agreed to perform, it would have afforded ground for rescission of the conveyance by Paralee Weaver or those in privity with her. But the Bradys are strangers to the power of attorney, and could not raise the question had there been a failure upon Cope's part to perform the obligations which he assumed in the power of attorney.

[6] The second proposition subjoined to the sixth assignment is not germane thereto, for which reason it cannot be considered. However, it may be said that it is without merit, for the reason that the evidence fails to show a valid judgment and execution to support the sheriff's deed under which the defendants Brady claim title.

[7, 8] The last assignment complains of the refusal of a new trial on account of newly discovered evidence. It is overruled because there is a complete failure to show any good reason why the evidence was not discovered prior to trial and produced thereon. Furthermore, it is not likely the same would produce a different result upon a retrial.

Affirmed.