**OWENS et al. v. ROW.**

No. 2568.

Court of Civil Appeals of Texas. Waco.

Jan. 27, 1944.

Rehearing Denied Feb. 24, 1944.

Fitzpatrick & Dunnam, of Waco, for appellants.

Barney A. Garrett, of Waco, for appellee.

HALE, Justice.

Mrs. L. J. Row, individually and as community survivor of her deceased husband, sued Mrs. Lillian Owens and husband for cancellation of a deed upon the ground that the consideration therefor had wholly failed. The case was tried to a jury on special issues and resulted in judgment cancelling the deed. Mrs. Owens and husband have appealed. They say the judgment should be reversed because the court erred in overruling their motions for peremptory instruction and judgment non obstante veredicto, respectively, and because the findings of the jury are contrary to the overwhelming preponderance of the credible testimony and are immaterial.

Mrs. Owens is a daughter of appellee. On July 8, 1941, appellee, individually and as community survivor, executed and delivered a deed, regular in form, by the terms of which she conveyed to her daughter the house and lot here in controversy. The consideration recited in the deed was the assumption and agreement of the grantee to pay the unpaid taxes against the property and an unpaid balance of $490 payable to Mrs. Haddix in monthly installments of $10 per month, and "a further valuable consideration." It was shown by the pleadings of both parties and by the undisputed evidence that the "further valuable consideration" referred to in the deed was a general verbal agreement by which grantee promised, in substance, to support and maintain grantor and furnish her a home during the remainder of her lifetime. It was expressly stipulated in the deed that a vendor's lien was retained against the property conveyed until the indebtedness therein described was fully paid, when the deed should become absolute. Appellants immediately moved into the premises thus conveyed and continued to occupy and use the same jointly with appellee until this suit was tried on June 2, 1943, but they did not pay any part of the unpaid taxes or indebtedness to Mrs. Haddix as the same matured and thereupon appellee paid the taxes and she paid about twenty-three of the monthly installments as they became due to Mrs. Haddix.

Appellants contended by their pleadings and evidence in the trial court that they relied upon the deed and in reliance thereon they had supported and maintained appellee in accordance with the terms of the verbal agreement; that appellee, although not legally obligated to do so, had voluntarily furnished the money to pay the unpaid taxes and the monthly payments made to Mrs. Haddix; and that in reliance upon the deed they had added valuable improvements to the property and had furnished services to appellee for twenty months of the value of $25 per month.

The jury affirmatively found from what it regarded as a preponderance of the evidence that Mrs. Owens had failed to carry out her part of the agreement to support and maintain her mother and that the consideration for the deed had wholly failed. They expressly refused to find from a preponderance of the evidence that the payments made by appellee for taxes and to Mrs. Haddix were made voluntarily, or that the improvements made by appellants, or the services rendered by them to appellee, were made or rendered in reliance upon the deed.

■ The motion of appellants for a directed verdict did not state any specific ground therefor, as required by Rule 268, Texas Rules of Civil Procedure. Their motion for judgment non obstante veredicto was grounded upon allegations that the findings of the jury were not authorized or supported by the evidence and were immaterial. Therefore, assuming the sufficiency of the latter motion to comply with the requirements of Rule 301, Texas Rules of Civil Procedure, if the findings of the

jury as a whole were immaterial, or if any material finding was without any support in the competent evidence, or was contrary to the undisputed evidence, or was so clearly against the overwhelming weight and preponderance of the credible testimony as manifestly to be wrong, then the judgment appealed from should be reversed; otherwise, it should be affirmed.

■■ Under the most fundamental principles of our jurisprudence, the jury is the sole judge of the disputed facts proven in any case and to that end the paramount duty and prerogative of judging the credibility of witnesses and the weight to be given to their testimony is wisely placed upon and vested in the jurors. Hence, in passing upon the sufficiency of the evidence to raise or sustain any of the issues found by the jury in this case, it is unquestionably the duty of this court to view the evidence in its entirety and all reasonable inferences and deductions that may properly be drawn therefrom in the light most favorable to the verdict.

Appellee, being an elderly woman of poor health, was confined during most of the time involved in this suit to her bed or wheelchair. She testified in effect that she and her husband acquired the property in controversy from Mrs. Haddix in August, 1938; that they agreed to pay $1,000 for the property, payable $15 in cash and the balance of $985 in monthly installments of $10 per month, with interest, as evidenced by their secured note; they occupied the premises as their home and made all payments promptly to Mrs. Haddix as they had promised to do until her husband died in April, 1941; she thereafter continued to make the payments and to occupy the premises as her home until she conveyed the same to her daughter on July 8, 1941, at which time there was a balance of $490 owing to Mrs. Haddix on the purchase money note and some unpaid taxes; appellants rented out their home for $20 per month and moved into the premises conveyed to Mrs. Owens, but they did not pay the taxes or any of the installments which became due to Mrs. Haddix; when appellee would remind her daughter of the taxes and the monthly payments the daughter would say she did not have the money with which to make such payments; appellee received an increase in her pension from $9 per month to $24 per month shortly after her daughter moved in with her and, after complaining to her daughter about the nonpayment of the assumed obligations, she used her pension money to pay the taxes and monthly payments on the note to Mrs. Haddix and to purchase part of the food used by the family; appellee furnished a cow with feed, which appellants milked and from which they sold whatever milk or butter they wanted to sell and gave her none of the money received from such sales; and that appellee's daughter and family had been very nice to her prior to July 8, 1941, but after the deed had been executed and delivered their attitude and conduct toward her completely changed.

■ The terms of the verbal agreement between appellee and her daughter as to the exact nature and extent of the services to be rendered by the latter in the proper support and maintenance of the former was the subject of substantial dispute in the evidence. No useful purpose would be served by here attempting to set forth the farrago of conflicting testimony as to just what the daughter was in fact supposed or reasonably required to do under the true intent and meaning of the parties to the agreement, or as to what she actually did do or failed to do, because the voluminous evidence as a whole was undoubtedly sufficient to raise fact issues for the jury as to the true intent and meaning of the verbal agreement and as to whether the daughter did or did not fail to carry out her part of the same. If the jury believed the testimony of appellee and her supporting witnesses and discredited that of appellants and their supporting witnesses, as it was their prerogative to do, then, in our opinion, they were fully authorized to find that Mrs. Owens did not reasonably perform her part of the verbal agreement. If the jury was authorized so to find, then we think it necessarily follows that they could also find under the other evidence to which we have made specific reference that the consideration for the execution and delivery of the deed sought to be cancelled had wholly failed. No objection is here raised as to the manner and form in which any of these ultimate issues were submitted to the jury.

■■ We do not think the issues with respect to whether appellants did or did not rely upon the deed in making improvements and rendering services to appellee, or the value of the improvements and services so made and rendered in reliance thereon, if any, were necessarily of controlling effect, because such facts, if they had been proved

by appellants, would not constitute a defense against the cause of action here asserted but would at most only give rise to an equitable ground of recovery by appellants for the value of such improvements and services, which recovery, however, appellants did not seek by way of cross action, In her pleadings appellee denied that appellants had made the improvements or rendered the services in reliance on the deed, but in the alternative she stated that if such were the facts she was ready and willing to pay them for the value thereof. According to the testimony of appellants the value of the improvements so made by them amounted to about $53 and the value of the food and services furnished appellee amounted to about $500. However, appellants received rental from their former home while they were occupying the property in controversy, and according to the testimony of appellee they also received the benefit of such contributions as she made from time to time from her pension fund toward the payment of the family grocery bill. The jury was justified in concluding from all the evidence that the value of the improvements and services made and rendered by appellants did not exceed the value of that which they received from appellee.

Viewing the evidence as a whole in its most favorable light from the standpoint of appellee, we cannot say that any material finding of the jury was without support in the evidence, or was contrary to the undisputed evidence, or was so clearly against the overwhelming weight and preponderance of the credible testimony as manifestly to be wrong.

Appellants assert the findings of the jury are immaterial because as a matter of law the verbal agreement for the support and maintenance of appellee constituted only a covenant in the deed as distinguished from a condition upon which the absolute title was to pass. Since there was no pleading, proof or finding that such agreement or deed was the result of fraud, accident or mistake they contend that the findings which the jury did make afforded no basis for a cancellation of the deed. In support of their contention they cite the cases of Sisk v. Randon, 123 Tex. 326, 70 S.W.2d 689, and Turner v. Biscoe, Tex. Com.App., 171 S.W.2d 118. However, it does not appear to us that the holding in either of these cases supports the argument so ably urged by counsel for appellants.

In the first case cited it is held that a written agreement similar to the verbal agreement here involved should be treated as a covenant and not as a condition. Assuming then that the verbal agreement in this cause, which admittedly constituted a part of the consideration for the deed in dispute, was a covenant and not a condition, the question still persists as to whether such covenant was of any value. Mrs. Owens was under disability of coverture at the time she entered into such agreement and her husband was not a party to the same or to the deed. The pleadings and evidence show that appellants were and are completely insolvent and justifies the inference that the verbal agreement, if treated as a covenant, evidenced merely a tenuous, subtle and fictitious right which was and is at law and in fact unenforceable and wholly worthless. In the second case it is held that the breach of an executory agreement similar to the one involved in this case, standing alone, does not raise an issue of fraud as a ground of cancellation. But we do not understand either of the cited cases to hold that the grantor in a deed, who expressly retains a vendor's lien until the indebtedness therein described has been fully paid, may not recover from his immediate grantee the title and possession of the property thus conveyed, when it is shown that the indebtedness has not been discharged according to its terms and that the entire consideration for the execution and delivery of the deed has wholly failed.

After due consideration of the record as a whole, we have concluded that the affirmative findings of the jury on the disputed issues of fact in this case were material, and that the trial court was authorized under the pleadings, evidence and verdict to render judgment cancelling the deed and awarding to appellee the title and possession of the property in controversy. Gibson v. Fifer, 21 Tex. 260; Lanier v. Faust, 81 Tex. 186, 16 S.W. 994; Hood v. People's Building & Savings Ass'n, 8 Tex.Civ.App. 385, 27 S.W. 1046, error refused; Richerson v. Moody, 17 Tex. Civ.App. 67, 42 S.W. 317; Loring v. Oxford, 18 Tex.Civ.App. 415, 45 S.W. 395; Brady v. Cope, Tex.Civ.App., 187 S.W. 678. Accordingly, the judgment is affirmed.