## W. W. BOONE v. CHARLES MIEROW.

### Decided October 21, 1903.

**Written Contract—Parol Evidence to Vary.**

Parol evidence of a consideration different from or additional to that stated in a written agreement between the parties, is not admissible in a case where the consideration for the acts or agreements of one party are the undertakings of the other, and both are stated in writing.

Appeal from the District Court of Bexar. Tried below before Hon. S. J. Brooks.

*James Raley,* for appellant.

*Jay Minter* and *William Aubrey,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellant against appellee upon a promissory note executed by the latter to the former.

The defense plead was that the note had been paid and satisfied in accordance with an agreement between the parties made at the time appellee undertook and promised to attorn to and become the tenant of certain premises owned by appellant.

There was a verdict and judgment in favor of appellee.

The only question to be determined in this case is: Was it competent for appellee to prove by parol evidence that at and prior to the time he attorned to appellant by accepting a written lease to premises owned by the latter, of which he (appellee) was in possession, which lease appears upon its face to be in every respect complete, it was agreed and understood between the parties that when the premises were sold by appellant the proceeds of sale should be credited upon the note sued on?

Parol evidence of a consideration different from or additional to that stated in a written agreement between the parties, is not admissible in a case where the consideration for the acts or agreements of one party are the undertakings of the other, and both are stated in writing. Coverdill v. Seymour, 94 Texas, 1.

In Texas & Pacific Coal Co. v. Lawson, 10 Texas Civ. App., 491, where precisely the same question arose that is involved in this case, the court said:

"We can not liken the contract in this instance to the case of a deed where it is permitted to contradict the recited consideration by parol evidence showing the true consideration. Gibson v. Fifer, 21 Texas, 263; Glenn v. Matthews, 44 Texas, 406. Here the writing purports to set out with great detail the agreement of the parties. It appears to be in every respect complete. The statement of the consideration is not the 'mere recital of a fact, viz., the amount of the consideration,' but it is an 'agreement about it.' It is contractual, and it can not be varied by proof

of a parol contemporaneous agreement, ingrafting an additional consideration. Pickett v. Green (Ind. Sup.), 22 N. E. Rep., 737; Pennsylvania Co. v. Dolan (Ind. Sup.), 32 N. E. Rep., 806."

The authorities cited are conclusive of the question stated in this case, and require a reversal of the judgment against appellant and a rendition of judgment here in his favor for the amount, principal, interest and attorney's fees, due on the note sued on.

*Reversed and rendered.*

Writ of error refused.