### J. M. TEAGUE v. J. R. RICKS.

Decided February 6, 1907.

**Written Instrument—Varying by Parol Evidence.**

A written instrument whereby plaintiff for a recited consideration of one dollar released to defendant certain land and became a tenant of defendant thereon for an annual rent, can not be shown to have been made in consideration of a parol agreement by defendant to maintain a certain dam and fence, on failure to perform which plaintiff sought to recover the land.

Appeal from the District Court of Brown County. Tried below before Hon. John W. Goodwin.

*Jenkins & McCartney and E. C. Harrel,* for appellant.—The proposed evidence would not contravene the rule excluding parol evidence to vary the terms of a written instrument, but was admissible in order to show the true consideration for said contract, and to show the independent stipulation making the contract entire. Downey v. Hatter, 48 S. W. Rep., 33.

It is always permissible, in order to avoid a contract, to show that one of the contracting parties did not intend, at the time of its execution, to fulfill his part of the agreement. Chicago, Texas & M. C. Ry. v. Titterington, 84 Texas, 218; Rapid Transit Co. v. Smith, 86 S. W. Rep., 322; Johnson v. Triplett, 50 S. W. Rep., 455.

*G. N. Harrison and J. W. Wayman,* for appellee.—The effect of the parol testimony offered by appellant, had it been admitted, would have been to rupture every substantial term in, and in effect to destroy the written contract put in evidence by appellee. Aetna Ins. Co. v. Brannon, 89 S. W. Rep., 1057; Blake v. Lowry, 93 S. W. Rep., 521; Poindexter v. McDowell, 84 S. W. Rep., 1133.

EIDSON, ASSOCIATE JUSTICE.—This is an action in the form of trespass to try title brought in the court below by appellant against appellee. Appellant's petition alleges in substance as follows: That he was the owner of one and one-half acres of land in the town of Thrifty,

in Brown County, Texas; that upon the eastern end of said land and on the western side of the J. J. Clelland survey, claimed by defendant, there was a small lake of water; that on the first day of January, 1905, he was lawfully seized and possessed of the strip of land out of said Clelland survey, on which the said lake or pond of water, and the banks thereof were situated, holding the same in fee simple. He further alleged that prior to the bringing of the suit the plaintiff and defendant had a dispute as to the ownership of said strip of land out of said Clelland survey, and that an agreement was entered into to the effect that plaintiff would release said strip out of said Clelland survey to defendant, and that defendant, at his own cost and expense, was to keep and maintain the lake of water and the dam holding same, as well as the fence around said lake, and that all of the dam holding said water which was situated on said Clelland survey, and all the fence surrounding said dam which was so situated, should be kept up and maintained by the defendant, and said fence and dam should always be maintained; that said fence and said dam were situated at said time partly upon each of the said pieces of land, and the water in said tank was likewise so situated, and that it was further agreed at said time, that said fence and lake were to remain, without being destroyed, for the use of both plaintiff and defendant. He further alleged that said lake and said dam had, at said time, been at said place for more than ten years, and water had been taken therefrom to run and operate a cotton gin on plaintiff's lot for more than ten years before said time, said lake furnishing the exclusive water supply for said cotton gin. He further alleged that he, at the time said agreement was made, which was in the form of a release, was the owner of said cotton gin and is still the owner thereof. That the consideration expressed in said release was $1, but as a matter of fact it was never paid, and that the real considerations were the promises and agreements on the part of the defendant, above cited. Plaintiff further alleged a failure and refusal on the part of the defendant to carry out said agreement, and further alleged that said release was not binding, for the reason that at the time said agreement was made, the defendant did not intend to carry out same, and it was his purpose and intention at said time not to keep good his said promises. A temporary injunction was prayed for and issued restraining the defendant from cutting said fence and dam.

Appellee answered by general denial and plea of not guilty, and also reconvened for damages against appellant and his bondsmen for wrongfully suing out the writ of injunction. After hearing the evidence, the court instructed a verdict in favor of appellee as to appellant's alleged cause of action, and submitted to the jury the issue of damages presented by appellee's plea in reconvention. In accordance with the peremptory instruction of the court, the jury returned a verdict in favor of appellee against appellant, and in response to the instruction on the issue of damages, found in favor of appellee against appellant and his sureties for the sum of $10, and judgment was entered accordingly. Upon the trial of the case, the appellee introduced in evidence the following written instrument:

Thrifty, Texas, May 30, 1904.

"This contract is between J. R. Ricks and J. M. Teague, the said J. M. Teague has in his possession a certain amount of land of the said J. R. Ricks and under the enclosure of the said J. M. Teague gin lot and the said J. M. Teague does not hold or retain any claims upon said land now inside of said gin lot on the tract sold to J. R. Ricks by E. E. Seward and son Geo. R. Seward. Said J. M. Teague does this day and date lease from the said J. R. Ricks the land that is on the inside of said gin lot, and is a part of the tank, and does pay for rents or lease to said J. R. Ricks one dollar per year with the understanding that the said Ricks is to have the use of said tank for the purpose of watering his stock. And it is hereby agreed, acknowledged and consented by the said J. M. Teague that he only holds the land of said J. R. Ricks as a lease for twelve months as a lease, and the said J. M. Teague releases all claims that he has or to have to said Ricks and only holds possession of tank as a lease and said lease is to expire on the 30th day of May, 1905.

Signed:    J. R. Ricks,
J. M. Teague."

After the introduction in evidence of the above instrument by appellee, appellant offered to prove by himself that at the time said instrument was executed the defendant promised and agreed, as an inducement to plaintiff's executing said contract, that he would keep up the fence around the water tank in controversy, to prevent the water being exposed to the public; and also agreed to keep up and maintain the part of the dam holding said water that was on the defendant's side of said water. Defendant thereupon objected to said testimony on the ground that its effect would be to vary the terms of said written instrument, and, in effect, substitute therefor another and different contract. The plaintiff then stated that said evidence was offered for the purpose of showing that when said promises were made by the defendant he did not intend to comply with them, and that they were fraudulently made and got plaintiff to execute said instrument, the defendant knowing at the time that he would not comply with such promises and agreements. The plaintiff further stated at said time that he expected to show that defendant had not kept up said fence and that he had threatened to cut same down. The trial court sustained defendant's objections to said testimony, and excluded same from the jury.

Appellant's only assignment of error embraced in his brief questions the correctness of this action of the trial court, appellant's contention being that the proposed evidence was admissible in order to show the true consideration for said contract, and to show the independent stipulation making the contract entire. We do not think the rule which admits testimony of the character offered applies where such testimony would have the effect to destroy the purpose and effect of the written contract of the parties. The purpose and effect of the writing under consideration were to disavow and disclaim any right, title or interest in or to the property in controversy on the part of appellant, and to acknowledge title thereto in appellee, and to lease such property

from appellee to appellant for a definite period of time, which had expired when this suit was instituted. The effect of the testimony offered was to continue for all time in appellant the right to the possession and use of the property admitted by him in the writing to be owned by appellee, and tenancy of which he acknowledged under appellee; which, in our opinion, would contradict the terms of the written instrument and destroy its purpose and effect.

The authorities cited and discussed by appellant in his brief do not, in our opinion, apply to a case like the present. We think it appears from the record that the evidence, exclusion of which is complained of by appellant, comes within the well established rule which prohibits the use of contemporaneous parol testimony to vary or contradict a written instrument.

No reversible error being pointed out in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.