## W. A. McCULLOUGH v. FARMERS' & MERCHANTS' NATIONAL BANK OF ABILENE AND SNYDER HARDWARE COMPANY.

Decided December 8, 1909.

**Contract—Sale—Varying by Parol Evidence.**

Where a written contract of sale conveyed the entire stock of goods situated in a certain building, parol evidence could not be received to show that some of the goods of the seller out of such stock and so situated were not intended to be conveyed.

Appeal from the County Court of Taylor County. Tried below before Hon. T. A. Bledsoe.

*Wagstaff & Davidson,* for appellant.—It was incompetent to show a contemporaneous parol contract limiting the effect of the written contract. Bupp v. O'Connor, 1 Texas Civ. App., 328; DuBois v. Rooney, 82 Texas, 175; Coverdill v. Seymour, 94 Texas, 8; McFarland v. McGill, 16 Texas Civ. App., 299; Kalteyer v. Wipff, 65 S. W., 207.

*King & Isaacs,* for appellees.—Parol evidence is admissible to prove a verbal contract, though it be entered into at the same time of the written contract and though it in part refer to the same subject matter as contained in the written contract, if such verbal contract be distinct and separate from the written contract and based upon a new and valuable consideration. Preston v. Breedlove, 36 Texas, 96; Page v. Work, 5 Gray, 492; Green v. Hershom, 53 S. W., 382; Courtney v. Fuller, 65 Me., 156; Bryant v. Hunt, 36 Tenn., 543; Field v. Mann, 42 Vt., 61; Weaver v. Fletcher, 27 Ark., 510; Durkin v. Cobleigh, 30 N. E., 473; McCarnich v. Cheeves, 124 Mass., 262; Pishkos v. Wortek, 18 S. W., 788; Toledo Ry. v. Levy, 127 Ind., 168; Heatherly v. Record, 12 Texas, 49; Nowlin v. Frichott, 32 S. W., 831; Basshor v. Forbes, 36 Md., 154.

FISHER, CHIEF JUSTICE.—The evidence offered and admitted, which was objected to by the appellant, restricted the operation and legal effect of the written contract and bill of sale executed by the

Snyder Hardware Company to appellant McCullough. That instrument conveyed to McCullough the entire stock of goods, wares and merchandise belonging to the hardware company, located and being in the town of Snyder, Scurry County, Texas, in a building at Snyder owned by Mr. Smith, and formerly by George L. Paxton. The goods in question were in that building at the time the contract and conveyance was executed. The instrument recites and states the amount of consideration to be paid by appellant for the goods. The purpose and effect of the testimony admitted was to establish by parol agreement, considered and entered into at the time of the trade, that certain of this stock of goods situated in the building was not intended to be conveyed in the written contract. The written contract and bill of sale purports upon its face to convey the entire stock of goods, wares and merchandise belonging to the hardware company and located in the building previously mentioned. To hold that parol evidence was admissible for the purpose of establishing the fact that less than the entire stock was intended to be conveyed would, as before said, restrict the legal effect and operation of the contract, and would be clearly in violation of the rule announced in Coverdill v. Seymour, 94 Texas, 8, which case upon its facts is analogous to the one before us.

This is the sole question in the case. Therefore, the judgment below will be reversed and rendered that appellees take nothing as against the appellant, and that the judgment in favor of the appellee Farmers' & Merchants' National Bank against the Snyder Hardware Company be affirmed.

*Affirmed in part and reversed and rendered in part.*