STITH et al. v. GRAHAM.

(Court of Civil Appeals of Texas. El Paso. March 28, 1912.)

1. EVIDENCE (§ 441*) — PAROL EVIDENCE — CONSIDERATION OF WRITTEN SUBSCRIPTION.

The obligations of both parties being stated in a written subscription, stating that the subscription is to be used only in purchase of a certain part of a right of way for a railroad, and that the money is to be paid when the railroad is completed between certain points, work thereon to be begun by a certain time, and such part of the road to be completed by a certain time, or the subscription to be void, parol evidence that it was also agreed the railroad company should lay off and build a town at a certain point, so that, it having failed to do so, there was a failure of consideration, is not admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719–1845, 2030–2047; Dec. Dig. § 441.*]

2. EVIDENCE (§ 441*) — PAROL EVIDENCE — CONSIDERATION OF WRITTEN SUBSCRIPTION.

Under the rule that precedent negotiations are merged in a subsequently executed written contract, an agreement made prior to the exe-

cution of a written subscription list may not be shown by parol to have been part of the consideration of the subscription, even where it could have been so shown, had it been made at the time of, or after, such execution.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2030–2047; Dec. Dig. § 441.*]

3. SUBSCRIPTIONS (§ 8*) — FRAUDULENT REPRESENTATIONS.

Statements of a railroad committee that the railroad would build a town at a certain point cannot be relied on by subscribers for construction of the road as a fraudulent inducement for executing the subscription list; it having been subsequently prepared by the subscribers themselves, and not having incorporated a provision for the building of the town.

[Ed. Note.—For other cases, see Subscriptions, Cent. Dig. § 9; Dec. Dig. § 8.*]

Appeal from Taylor County Court; T. A. Bledsoe, Judge.

Action by Will Stith and others against John L. Graham. From a judgment for defendant on appeal from a justice, plaintiffs appeal. Reversed and rendered.

Sayles & Sayles, of Abilene, for appellants. Hill & Hill, of Abilene, for appellee.

PETICOLAS, C. J. In March, 1910, the appellants, composing a railroad committee, of Abilene, Tex., brought this suit in the justice court of Taylor county against appellee for the sum of $160, alleging that the said sum was due by virtue of a certain written subscription made by appellee to appellants. The material parts of said written subscription are substantially as follows: "This subscription is to be used only in purchasing right of way from the land of D. M. White to the north line of the land owned by J. B. Hardin. This money to be paid when the railroad is completed from the city of Abilene to the south line of Taylor county, Texas. This railroad company is to begin work in the city of Abilene, Texas, by November 1st, 1908, or this contract and subscription is null and void, and this railroad to be completed to the south line of Taylor county, Texas, in 12 months from date or this contract and subscription void. This the 12th day of Sept., A. D. 1908. Names: John L. Graham. Amount: $160.00."

Appellee answered, admitting the execution of the subscription list, but alleging that, prior to the execution of the said subscription list, said railroad committee, by and through one of its members, W. M. Lacy, in the presence and hearing of Will Stith and Geo. L. Paxton, members of said committee, agreed and gave appellee to understand that if he subscribed to said fund for the purchase of said right of way said railway company would lay off and build a town on its line of railroad in the heart of the Jim Ned valley, Taylor county, Tex., about one mile easterly of the town of Tuscola, and appellee, relying upon said statement, executed said subscription list, and that the railway company has failed and refused to build and lay off a town; that said representations were falsely and fraudulently made to procure appellee's signature to said subscription list; and that the consideration for appellee's signature to said subscription list has wholly failed.

The case resulted in a judgment for the plaintiffs in the justice court, was appealed, and resulted in a judgment for defendant on trial before a jury in the county court.

The undisputed facts show that the statements relied upon to avoid appellee's obligation were made in a speech by Mr. Lacy, one of the railroad committee, and that they were made prior to the execution of the subscription list. The appellee testified in the county court: "The Tuscola subscription list was not drawn up by any member of the railroad committee of Abilene, and no member of that committee was present at the time it was drawn, but was drawn up by some one of the subscribers to the subscription list. J. B. Wilkinson [one of the subscribers to said list] and I, in person, delivered this Tuscola subscription list to Will Stith, chairman of the Abilene railroad committee."

The defendant's answer was attacked by special exceptions, to the effect that the subscription list, being in writing, could not be varied by parol testimony of the statements made. All of the evidence on this subject was attacked by objections, which are preserved by many bills of exceptions, and which sufficiently present the different points which will be hereafter adverted to in this opinion.

[1] The rule that parol evidence is not admissible to vary or contradict a written statement is subject to many exceptions. Indeed, it is subject to so many exceptions that it often becomes a question of great difficulty to determine whether or not such parol evidence is admissible. The general rule seems to be more rigidly applied in contracts where the obligation of one party constitutes the consideration for the obligation of the other party than where the consideration for the conveyance is merely recited. In the case of Coverdill v. Seymour, 94 Tex. 1, 57 S. W. 37, Judge Williams of the Supreme Court said: "It is true that sometimes parol evidence of a consideration different from, or additional to, that stated in a writing may be received without violating the rule that parol evidence will not be admitted to vary, contradict, or add to the written contracts of parties. It is unnecessary that we should restate the limits of this doctrine, so often explained. It certainly has no application to a case where the consideration for the acts or agreements of one party are the undertakings of the other, and both are stated in the writing, which is the case here. If it is admissible for the vendor to show that the vendees were to pay more for the property than stated in the contract, it

would be equally admissible for the vendees to show that the vendor was to deliver more lumber or other property for the price stated. This would wholly ignore the rule on the subject. It is sometimes the case that the writing represents only a part of the contract, the other parts being expressed orally, and in such cases those parts not reduced to writing, which are consistent with the writing, may be shown; but this rule has no application, for the reason that the stipulations of the parties were put in writing, and the effort is to show an inconsistent agreement. Nor, for the same reason, can the agreement alleged by plaintiff be regarded as an independent sale, or a contract collateral to that expressed in the writing."

This case seems to us peculiarly applicable to the case at bar, and, when taken in connection with the other matters adverted to, must, we think, be deemed conclusive to the effect that the parol agreements here sought to be introduced were inadmissible. See, also, Walter v. Dearing, 65 S. W. 380; Wooters v. Railway, 54 Tex. 294; Weaver v. Gainesville, 1 Tex. Civ. App. 286, 21 S. W. 317; Boone v. Mierow, 33 Tex. Civ. App. 295, 76 S. W. 772; Coal Co. v. Lawson, 10 Tex. Civ. App. 491, 31 S. W. 846; Railway Co. v. Pfeuffer, 56 Tex. 66.

[2] There is another rule of law, particularly applicable, we think, to the case at bar, to the effect that precedent negotiations are merged in a subsequently executed written contract (see Moore-Cortes Canal Co. v. Gyle, 36 Tex. Civ. App. 442, 82 S. W. 350), from which it follows that, as the agreements here referred to were made prior to the execution of the subscription list, and in the subscription list so subsequently executed they were not included, parol evidence to show them would not be admissible, even if the case were one in which, had the parol agreements been made contemporaneously with or subsequently to the written subscription list, they might have been admissible. As a part of his answer, however, the appellee alleges that the agreements and statements referred to were made fraudulently, for the purpose of inducing the appellee and others to sign the subscription list, and but for such fraud appellee would not have executed said subscription list. It remains, therefore, to be seen whether the trial court correctly submitted the issue of fraud to the jury; and it is also apparent that, if the agreements and statements claimed to have been made by Lacy are, in any event, available to the defendant as fraud, the testimony might be admissible as showing fraud. We do not think, however, that, under the circumstances in this case, the defendant could, as a matter of law, avail himself of them as fraud.

[3] It will be remembered that no subscription list was prepared at the time of the Lacy speech, or contemporaneously there-with; and after said speech was made one of the subscribers prepared the subscription list, and appellee himself delivered it to the railroad committee. We do not believe that, under these circumstances, the statements made by Lacy could be relied upon as fraud, for two reasons: First, because the subscribers might themselves, in preparing said subscription list, have inserted the agreements they desired with reference to the promises made by Lacy. Had they so done, and signed such a subscription list, they would have had the legal right to rely upon such obligation therein expressed; but, having failed so to do, it is inconceivable that they can charge the committee with fraud in making said statements, when they themselves, in effect, expressly waived said agreements by not incorporating them in the subscription list. Second, the representations were not made at the time of the execution of the subscription list; and the trial court erred in submitting the false and fraudulent representations as made at the time of the signing of the contract. See Railway v. McKinney, 55 Tex. 176; Farwell v. Babcock, 27 Tex. Civ. App. 162, 65 S. W. 509.

For the reasons indicated, the case is reversed and rendered for the appellants.