JAMES et al. v. DOSS et al.   (No. 936.)

(Court of Civil Appeals of Texas. Amarillo. March 1, 1916.)

1. PARTNERSHIP &⇒203 — DISSOLUTION — ABATEMENT AND REVIVAL.

An action by plaintiffs individually to recover certain property purchased by defendant from a firm composed of the plaintiffs would not be abated, as the fact that there was no partnership when the suit was brought was a matter of evidence to be shown at the trial.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 375; Dec. Dig. &⇒203.]

2. EVIDENCE &⇒461(3) — PAROL EVIDENCE — CONTRACT—SALE.

Parol testimony was inadmissible to show that the subject-matter of a contract of sale of personal property was other than that designated by the contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2129; Dec. Dig. &⇒461(3).]

3. SALES &⇒38(8) — CONTRACT — FRAUD — KNOWLEDGE OF BUYER.

The purchaser under a contract for the sale of personal property signing the contract without any fraud inducing him thereto, and after reading it and having it read to him, and declaring that it was correct and was the contract, knowing that it did not convey certain personal property, was not deceived in respect to the property described and conveyed by the contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 77; Dec. Dig. &⇒38(8).]

4. SALES &⇒38(7)—FRAUD—CONCEALMENT.

Where a fact lies open equally to both parties with full opportunity for examination, and the buyer undertakes to examine for himself without relying on the seller's statements, it is no evidence of fraud that the seller knew facts not known to the buyer, and concealed them from him.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 75; Dec. Dig. &⇒38(7).]

5. EVIDENCE &⇒461(3) — PAROL EVIDENCE — CONTRACT OF SALE.

In the absence of fraud, accident, or mistake, it is not permissible to prove by parol that other property than that described in a contract for the sale of personal property was intended to be conveyed, and thereby add to or contradict the contract, as it is the best evidence of the intention of the parties.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2131; Dec. Dig. &⇒461(3).]

6. EVIDENCE &⇒441(1) — PAROL EVIDENCE — CONTRACT PARTLY IN WRITING.

The rule that where there is a verbal contract and part of it is reduced to writing, parol evidence may be offered to show that which was not contained in the writing, applies only when it is collateral and relates to a subject distinct from that to which the written contract applies, and which is not so closely connected with the principal transaction as to form a part of it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1745, 1756–1763, 1765, 1825, 2030; Dec. Dig. &⇒441(1).]

7. EVIDENCE &⇒397(2) — WRITTEN OR ORAL CONTRACT—PRESUMPTION.

Where a writing is couched in such terms as to be plain and without any uncertainty as to the object or extent of the agreement, it is conclusively presumed that the whole agreement of the parties was reduced to writing.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. &⇒397(2).]

8. TRIAL &⇒252(5) — INSTRUCTIONS — ISSUES —EVIDENCE.

In an action for personal property consisting of furniture and fixtures claimed not to have been included in the contract of sale, a charge that defendant, in reconvention, might recover a stove, was properly refused, where the uncontradicted evidence was that it was not a part of the furniture and fixtures.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 600; Dec. Dig. &⇒252(5).]

9. SALES &⇒69 — DESCRIPTION — CONSTRUCTION.

A contract for the sale of personal property, describing "store and office furniture and fixtures, now in the one-story building on lot," etc., and "merchandise" in the grocery line, without reference to an invoice except to fix the price of merchandise, did not cover two horses, a delivery wagon, and a set of double harness.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 183; Dec. Dig. &⇒69.]

Appeal from Donley County Court; J. C. Killough, Judge.

Action by W. M. and A. S. Doss against W. H. James and another with plea in reconvention by defendant James. Judgment for plaintiffs, and defendants appeal. Affirmed.

Simpson & Steed, of Clarendon, for appellants. W. T. Link, of Clarendon, for appellees.

HUFF, C. J. The appellees, W. M. and A. S. Doss, sued appellants, W. H. James and

---

Luther Skelton, for two horses, one delivery wagon, and a set of double harness. The appellants answered at length and appellees replied by supplemental petition at length. The property belongs to the appellees, if it did not pass by a certain contract of sale, and a bill of sale to the appellant James, of a certain grocery business and the furniture and fixtures of the office and store.

At the end of the testimony the trial court instructed the jury that the property sued for did not pass under the contract of sale and the bill of sale, and that they would find for the appellees; which the jury did, affixing the value of each article, and judgment was rendered accordingly. There is no assignment that the court erred in so instructing a verdict, or that there was an issue raised by the evidence for the jury to decide. The assignments presented by the brief of appellants relate to the refusal of the court to give certain requested instructions, and to his action in sustaining an exception to the appellants' plea of abatement.

[1] The eleventh assignment, which is the last briefed, asserts error in the action of the court in sustaining the exceptions of appellees to the plea in abatement. The appellees sued, as individuals, to recover the property. It is asserted the property was purchased by appellant James from Doss Bros., and not as individuals, and that the appellees make no allegation that they compose the firm of Doss Bros. or were members of such firm. If the property did not belong to the individuals, but to some partnership, it might, under certain circumstances, defeat a recovery; but we do not see how this should abate the suit. If, when the suit was brought, there was no partnership, the property would belong to the individual members of the former partnership. This was a matter of evidence, to be produced upon the trial. We see no material error committed by the trial court in sustaining the exception. This assignment will be overruled.

[2] The first three assignments, the eighth, and the ninth assignments assert there was error in refusing the specially requested charges of appellants, requested by them therein. Under each of the assignments the following proposition, or one similar, is made:

"Matters of consideration may be shown by parol testimony where such testimony shows that certain articles of property were a part of the consideration for a written contract. The person claiming said articles of property, as a part of the consideration for said contract, is entitled to have the jury instructed to find in favor of his claim, provided they believed such testimony."

In this case the appellees owned a grocery store in the town of Clarendon, and through the assistance of one Moore, a contract of sale was effected with appellant James. A contract was reduced to writing, which the parties signed on the 6th day of August, 1915. The clause bearing on the question at issue is as follows:

"Doss Bros. sell to W. H. James their store and office furniture and fixtures, now in their store building on lot 3, block 1, in Clarendon, Texas, for an agreed consideration of $1,350.00; also their stock of merchandise in same building at the inventory price of same, of all merchandise as invoiced to them recently by M. W. Headrick, and all other merchandise at the wholesale cost of same with freight and drayage added, and inventory of same will begin as soon after the signing of this contract as it is convenient to do so, to both parties hereto.

"Party of the second part agrees to accept said fixtures at the price named and the merchandise as invoiced in accordance with this contract, as soon as same is invoiced and the aggregate value thereof computed, and to pay for the same in accordance with agreement by and between parties," etc.

On the day following a bill of sale was executed by appellees to James, which described the property as follows:

"All of the goods, wares and merchandise, as per the inventory made this date of same, also of the store and office furniture and fixtures, all while in the one-story composition roofed brick building located on lot 3, block 1, in Clarendon, Texas, being the store building now occupied by us as a grocery store," etc.

When James went to the store to look at it, he was shown the Headrick invoice, which was in a book and which showed a complete inventory of the groceries. After totaling the amount of groceries and leaving some blank pages, following it on a page headed "Fixtures," the items were entered showing the fixtures and total for fixtures, $1,585. A line was then drawn under this total. Following on the same page are the items, "One delivery wagon and harness, $158.35; two horses, $140.00." These two last items, it is admitted by the parties hereto, are the property in question. James claims this property was to have gone to him under the $1,350 consideration for furniture and fixtures.

The appellees testify to the contrary. We do not think the propositions of appellants applicable to this character of contracts, and the facts of this case. The consideration in this case received for the $1,350 agreed to be paid was contractual in its nature. It was not, in its nature, a receipt for money, which may be explained. The appellants sought to have the written contract with reference to the subject-matter therein conveyed shown to be other than the writing designated, and thereby contradict the writing by parol. This is not permissible. Matheson v. C–B Live Stock Co., 176 S. W. 734, in which this court, through Judge Hall, discussed this question and reviews various authorities. McCullough v. Bank, 58 Tex. Civ. App. 160, 123 S. W. 439; Rapid Transit Co. v. Smith, 98 Tex. 553, 86 S. W. 322; 17 Cyc. 659 (g).

The fourth, fifth, and seventh assignments urge that the trial court erred in refusing to charge the jury in effect if the verbal contract was that the property sued for was agreed to pass by the transfer, and that through the fraud of the appellees it was omitted from the writing, the jury should find for appellants.

The appellant James contends that the

property sued for was so to pass, while Moore, the agent who brought about the trade, and the appellees contend it was not to be in the trade. James contends that one Beville, who drafted the contract at the instance of Moore, left out this particular property. Mr. Beville testified that Mr. Moore came to him to draw the contract and told him to draw it just like the contract from Headrick to Doss Bros., when they purchased from him, except he said the wagon, team, and harness were not in the trade, and should not be included in the contract, and also some land that figured in the Headrick contract. James testified:

That he and Doss went to Beville's office to draw up the contract, and Beville said Moore had already told him to draw the contract, and he then said to come back in 30 minutes and he would have it ready, and that they went back and signed the contract. "Before we signed it, Beville handed me a copy and W. M. Doss a copy, and he kept a copy and read it all aloud to us, and I read it myself, and when he finished he said, 'Now is that correct—is that your contract?' I said it was and then signed up the contract."

He also testified, after Beville told him Moore had asked him to draw the contract:

"We (James and Doss) told him what to put in it, but I did not know then that he had been loaded."

[3, 4] The appellant James was not induced to sign the contract without knowing its contents. He read the contract and it was read to him. He then declared the writing was correct and that it was the contract. There was no fraud inducing him to sign a contract that was not the contract. He knew then it did not convey the horses, wagon, and harness. If the agreement was that they should be conveyed, he then knew the contract did not convey them, and did not include them, and he should not have signed the contract. We cannot conceive of a fairer method to all parties than was used in this case in getting before them the exact terms of the writing. There was not the least deception that we can perceive in getting James to sign a contract which was not the contract. James did not rely on representations made to him as to its contents, but read and had it read to him. Before he signed he knew as much about it as he ever knew. If he had not known the contents before he signed it, and relied upon representations as to its contents, the law would not require of him diligence to learn the contents. This case does not fall under the rule announced in Labbe v. Corbett, 69 Tex. 503, 6 S. W. 808; Taber v. Eyler, 162 S. W. 490. Where a fact lies open, equally to both parties, with equal opportunities for examination, and the vendee undertakes to examine for himself without relying on statements of the vendor, it is not evidence of fraud in such case that the vendor knew facts not known to the vendee, and conceals them from him. In this case there was no representation made as to the contents of the

184 S.W.—40

writing upon which James claims to have relied, and to have been deceived thereby. Hawkins v. Wells, 17 Tex. Civ. App. 360, 43 S. W. 816; Stith v. Graham, 146 S. W. 661; Carson v. Housels, 51 S. W. 291, and cases by this court; Wright v. Bott, 163 S. W. 360; Parker v. Shrimsher, 172 S. W. 170 (10 and 11). The court properly refused the charges requested as to fraud.

[5] By some of the above assignments and the propositions thereunder, it appears that the appellant contends that the intention of the parties to a written contract may be shown by parol. The written contract is the best evidence of the intention of the parties to the agreement. All previous negotiations and agreements are, as a rule, merged in the writing. In the absence of fraud, accident, or mistake, it is not permissible to prove that other property than that described in the writing was intended to be conveyed, and thereby add to or contradict the writing.

[6] It is also contended that, when there is a verbal contract and part of it is reduced to writing, parol may be offered to show that which was not contained in the writing. This rule applies only when it is collateral. It must relate to a subject distinct from that to which the written contract applies. It must not be so closely connected with the principal transaction as to form part of it.

[7] When the writing is couched in such terms as to be plain and without any uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole engagement of the parties was reduced to writing. Seitz v. Brewer, 141 U. S. 510, 12 Sup. Ct. 46, 35 L. Ed. 837.

"To allow a party to lay the foundation for such parol evidence by oral testimony that only part of the agreement was reduced to writing, and then prove by parol the part omitted, would be to work in a circle, and to permit the very evil which the rule was designed to prevent." Thompson v. Libby, 34 Minn. 374, 26 N. W. 1; Sunderland v. Hackney (Mo.) 181 S. W. 1192; Fuqua v. Pabst, etc., 36 S. W. 479.

[8] In addition to what has been said under the assignments first herein mentioned, we notice the charge under the ninth assignment sought the recovery of an oil stove, which it is contended was on the Headrick invoice, and part of the fixtures, and valued at $5, for which appellants sue in reconvention. If the charge had been so framed as to submit the issue whether the stove was in the store, and part of its fixtures, when the contract was drawn, it would have been proper to have given it, if the facts would support a finding that it was part of the fixtures at the time of the contract; but the evidence is uncontroverted that it was not a part of the furniture or fixtures at the time of the trade, but was then in the possession of Moore and not part of the store. Even if the charge had been otherwise correct, under the facts of this case the court properly refused the charge.

[9] The tenth assignment is a complaint lodged on the ground that the trial court refused to instruct the jury as follows:

"You are instructed that a fair and reasonable interpretation of the contract introduced in evidence shows that the property sued for by the plaintiff is included in the terms thereof, and that said written contract does cover and convey all the property listed on the original Headrick inventory. You are therefore charged 'that if you find and believe from the evidence that the property sued for by the plaintiff was included on the said Headrick inventory, then it will be your duty to find for the defendant and against the plaintiff."

The horses, wagon, and harness cannot be said to fall under the description of "store and office furniture and fixtures, now in the one-story building on lot," etc., for the consideration of $1,350. Certainly they were not included under the term "merchandise" in the grocery line. It will be noted that the Headrick invoice was not referred to except to get the price of the merchandise invoiced by Headrick. Furniture and fixtures were purchased in a lump sale and at an agreed price, $1,350. The Headrick invoice had nothing to do with that part of the contract. The property sued for did not fall under store and office fixtures then in the building. The court was correct in refusing the charge as requested. If there was ambiguity in the contract, which we do not find, as applied to the facts of this case, it may be that it should have been submitted as a question whether the property was included in the contract and whether it was intended that the Headrick inventory was intended to describe the property conveyed; but the court, under this contract as we view it, was not authorized to instruct that under the written contract the property sued for was conveyed, and that all property in the original Headrick invoice was covered by it. We believe the trial court took the correct view of this case and properly refused the charges requested. There is, as stated by us in the outset, no complaint that the trial court instructed a verdict for the appellees, and we think the requested charges were properly refused. ·

The case will be affirmed.