MITCHELL v. TIPPETT et al.    (No. 2820.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 8, 1923.)

1. Appeal and error ⟝676—Dismissal for refusal to join as plaintiff one not shown by record to be necessary party held reversible error.

Where the court, in lieu of dismissing a cause for failure to join parties plaintiff, ordered plaintiff to make the joinder, and, on failure to do so, dismissed the action, the absence of any allegations or proof in the record showing necessity for the joinder, except an affidavit relied on for a new trial, required reversal of the judgment.

2. Affidavits ⟝18—Used on motion for new trial may not be considered again on motion to dismiss.

An affidavit, having served the purpose for which it was filed when a motion for new trial was granted, was not entitled to consideration on a later motion to dismiss.

Appeal from Red River County Court; Geo. Morrison, Judge.

Action by W. D. Mitchell against G. Tippett and others. From a judgment for defendants, dismissing the action, plaintiff appeals. Reversed and remanded.

In his petition, appellant, plaintiff in the court below, alleged that by the terms of a rental contract for the year 1921, between himself and appellee Tippett, he owned one half of two bales of cotton grown by Tippett on the rented land, which Tippett wrongfully sold and delivered to appellee C. E. Terry; and further alleged that he had a lien on the other half of the two bales to secure $148.90, representing supplies he furnished Tippett to enable him to make a crop on the land. Appellant prayed for judgment against Tippett for the $148.90, and a foreclosure of the lien he claimed against half the cotton, and for judgment against Terry for the other half thereof, or, in the alternative, if possession of the cotton could not be obtained, for judgment against Tippett for the debt claimed and against Terry for the value of the cotton.

A trial of the case at the April, 1922, term resulted in a judgment in appellant's favor against both Tippett and Terry. The judgment was set aside May 6, 1922, however. At a later term of the court appellee Terry filed a motion in which he alleged that if appellant owned or had a claim on the cotton it was a partner of W. P. Martin and wife. He then alleged that said Martin and wife were "necessary and indispensable parties to

the suit," and, asserting that the suit could not be maintained by appellant alone, prayed that it be dismissed. It seems from the order of the court made October 30, 1922, that he thought the motion should be sustained, but he did not dismiss the suit. Instead, he ordered appellant "to join W. P. Martin and wife, Corrie Martin, parties plaintiff." At the January, 1923, term, appellee Terry filed a motion in which he alleged that appellant had failed to comply with the order to make the Martins parties plaintiff, and in which he prayed the court to therefore dismiss the suit. The court granted the motion, and, by a judgment rendered February 2, 1923, reciting that appellant had failed and refused to comply with said order of October 30, 1922, "to make the said W. P. Martin and wife Corrie Martin, parties plaintiff," dismissed the suit. The appeal is from that judgment.

Pentice Wilson, of Clarksville, for appellant.

B. C. Jones and T. T. Thompson, both of Clarksville, and J. S. Terry, of Terrell, for appellees.

WILLSON, C. J. (after stating the facts as above). [1, 2] We need not determine whether the court might properly have dismissed the suit as he did for want of necessary parties plaintiff, had it appeared in any way he had a right to consider that the cause of action set up in appellant's pleadings was in favor of a partnership of which he (appellant) was a member, for it did not so appear. Instead, it appeared from the allegations in said pleadings that the cause of action was in appellant's favor alone, and we have not found in the record anything the court had a right to consider showing to the contrary. It is assumed, because there is nothing better in the record on which to base it, that the action of the court was predicated on an affidavit made a part of a motion for a new trial filed by appellees May 6, 1922, and granted the same day, indicating that Tippett's rental contract might not have been with appellant alone, but might have been with him and W. P. Martin and wife as partners. The affidavit had served the purpose for which it was filed when the motion for a new trial was granted, and was not entitled to consideration in connection with the motion to dismiss. James v. Doss (Tex. Civ. App.) 184 S. W. 623.

The judgment was not warranted by anything appearing in the record sent to this court. Therefore it will be reversed, and the cause will be remanded to the court below for a new trial.

---

⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes