## ADKINS v. GOODLOE et al.
### No. 9431.

Court of Civil Appeals of Texas. San Antonio.

Oct. 31, 1934.

Rehearing Denied Nov. 28, 1934.

Brown & Bader, of Edinburg, for appellant.

Kelley, Looney & Norvell, of Edinburg, for appellees.

BICKETT, Chief Justice.

This is an action in trespass to try title, instituted by Ada E. Goodloe and E. R. Goodloe against S. G. Adkins, in which a writ of sequestration was sued out and the object of which was to obtain possession of twenty acres of land in Hidalgo county after the expiration of the annual term specified in a written lease. From a judgment in favor of plaintiffs, defendant has appealed.

The material portions of the lease contract dated July 7, 1932, executed by E. R. Goodloe, lessor, and S. G. Adkins, lessee, are:

"The owner E. R. Goodloe—agrees to give possession of the place—including house—team and all the farming implements now in possession of the present tenant D. B. Glenn—for a term of 12 months from Aug. 1st. 1932.

"Said tenant is to care for the Citrus Grove in a husband like manner by proper cultivation, spraying, and irrigating, the expenses of which is to be paid for by said tenant S. G. Adkins. * * *

"It is further agreed by owner and tenant, that in the event of a sale of said tract of land by the owner (after giving the said tenant S. G. Adkins the privilege of buying the place at same price that the owner is then offered by the proposed purchaser) and in the event that the said tenant S. G. Adkins does not purchase the land then offered for sale: The said tenant binds himself and agrees to vacate the place as soon as the present crop

then growing is harvested and disposed of. * * *

"P. S. Be it further agreed that should the present tenant D. B. Glenn refuse to vacate by the August 1st, the above contract is not legally binding on owner E. R. Goodloe until a satisfactory settlement is made & adjusted for & with D. B. Glenn."

Adkins entered into possession under the lease on August 12, 1932, and remained in possession under a replevy bond, filed August 8, 1933. At the institution of the suit, August 3, 1933, he still had about forty bushels of corn maturing in September and some volunteer grohoma headed out. There was also on the citrus trees the annual fruit crop which would not and did not begin to mature until about November 15, 1933. After service of the writ of sequestration, he picked up citrus fruit knocked off by a storm and sold it to the amount of $38.77, which sum was deposited in the registry of the court to abide the result of the suit. And he had continued to care for the orchard to the date of trial, November 23, 1933.

The lease contract having obligated the tenant to care for the citrus grove in a husbandlike manner, the detailed labors of the tenant in that regard, as well as his incentive therefor, were irrelevant and immaterial. Accordingly, the special exceptions to the parts of the answer containing those allegations were properly sustained.

All negotiations prior to or contemporaneous with the execution of the original contract were merged into it. Consequently, appellant could not be heard to say, as attempted in his answer, that he and Goodloe agreed that he should have possession of the property until the marketing of the 1933 citrus crop and that he as tenant should have half of that crop. This was contrary to the plain provision as to the term of the lease. None of the other provisions are susceptible of that construction or are in the slightest degree ambiguous so as to permit oral testimony to be offered as to the intention of the parties. The parol evidence rule is decisive. The exception, therefore, to the part of the answer alleging these matters was properly sustained. Moore v. Wooten (Tex. Com. App.) 280 S. W. 742; Seitz v. Brewers' Refrigerating Machine Co., 141 U. S. 510, 12 S. Ct. 46, 35 L. Ed. 837; 3 Jones, Evidence (2d Ed.) 2701.

Likewise the similar allegations of an oral understanding at the time of the appending

of the postscript are subject to the same objection.

A prior or contemporaneous oral agreement that is contradictory to the terms of a written contract executed by the parties does not afford a ground for reformation of the contract where no facts as to fraud, accident, or mistake are shown. Without setting forth the allegations upon this theory, it is sufficient to say that the exception thereto was properly sustained. Dalton v. Dalton (Tex. Civ. App.) 143 S. W. 241.

The judgment of the district court is affirmed.