## GREAT NAT. LIFE INS. CO. v. PRESLEY.

### No. 5032.

Court of Civil Appeals of Texas. Amarillo.

May 8, 1939.

Rehearing Denied June 12, 1939.

Webster Atwell and John A. Pace, both of Dallas, for appellant.

Nathaniel Jacks, of Dallas, for appellee.

JACKSON, Justice.

This suit was instituted in the County Court of Dallas County by the appellant, Great National Life Insurance Company, against the appellee, J. Earl Presley, on a written lease contract to recover the balance of the unpaid rent for the use of Office No. 206 in a building situated at 1604 Main Street in Dallas, Texas, owned by said Life Insurance Company.

The appellant alleged that on or about March 9, 1936, by a written contract, it leased Office No. 206 in what is known as the Great National Life Building in Dallas to the appellee until March 31, 1937, for a consideration of $52.50 per month payable in advance on the first day of each month; that appellee failed and refused to pay the rent for the months of October, November and December, 1936, and for the months of January, February and March in 1937, and is indebted to appellant in the sum of $315, with interest thereon; that the lease provides that in case it becomes necessary for the lessor to bring action on the contract the lessee agrees to pay a reasonable attorneys' fees therefor, which is alleged to be the sum of $50.

The appellee answered by general denial, pleaded that he was induced by fraud to enter into the lease contract with the lessor, who, by its authorized agent, represented that the building in which the office was situated was going to be repaired, remodeled and put in first class condition immediately or within a reasonable time after the occupancy of the office by appellee; that relying on such representations he executed the contract and moved into the office which he used until September 10, 1936, paying the rent thereon monthly as stipulated until October 1st of said year; that despite his request for a compliance with the contract the building was not repaired and remodeled immediately or within a reasonable time after his occupancy, but appellant refused to comply with such agreement and representations, and on September 10th appellee vacated the office, since which time it has not been used by him; that such agreement and representations were false, known to be false and appellant did not intend to carry out such agreement and representations at the time of the execution of the contract; that such representations and agreement were material, were relied on, and but for which appellee would not have entered into the contract; that they were not merely promissory representations but a part and parcel of the lease contract and a part of the consideration therefor as was evidenced by paragraph 9 of the contract which he copies and makes a part of his answer. He asserts an agreement was made between appellant and appellee for him to surrender the office at the time he vacated; alleges the difference between the contract rental price for the office had appellant performed its contract to improve the building and the reasonable rental value of said office without improvements was $30 per month, and on account of the fraud and misrepresentations and breach of the contract by appellant there was a total failure of consideration for the contract, or if the failure of consideration was not total then a partial failure of consideration therefor.

The appellee filed a cross-action for damages, relied on the allegations of fraud, failure of consideration and breach of the contract set up in his answer, in addition alleged loss of business, itemized his damages, and prayed for a judgment therefor.

In answer to special issues submitted the jury found in substance that there was no agreement for surrendering the lease at the time appellee vacated the office; that for the period of the lease the difference between the contract price and the reasonable rental value of the office was the sum of $315; that appellant represented to appellee through its manager that remodeling the building would be completed within a reasonable time after the lease was signed; that when such representations were made they were not false; that the appellant failed to remodel the building within a reasonable time; that appellee was induced to sign the contract by the representations that the remodeling would be completed in a reasonable time; that when appellant made the representations it did not know they were false; that appel-

lant did intend to complete the improvements on the building within a reasonable time when the contract was executed and promised and agreed that if appellee would sign the lease the remodeling would be completed in a reasonable time; and that $50 is a reasonable attorney's fee.

The court peremptorily instructed the jury to return a verdict against appellee on his cross-action.

On these findings judgment was rendered and entered that appellant take nothing by its suit and appellee go hence with his cost, from which action of the court this appeal is prosecuted by the Great National Life Insurance Company.

The appellant assails the action of the court in rendering a judgment against it, contending that parole testimony was erroneously admitted over its objection to add to and contradict the terms of the written lease which was complete and unambiguous and the consideration therein recited was contractual; that such parole testimony was without probative force, would not support a verdict or judgment in the absence of proof and a finding by the jury of fraud, accident or mistake.

The lease contract provides, among other things:

"That the Lessor, in consideration of the covenants and agreements to be performed by the Lessee upon the terms and considerations hereinafter stated, does hereby lease, demise and let unto the Lessee the following space in that certain building situated in the City of Dallas, Texas, at 1604 Main Street, and known as Great National Life Building, to-wit: Office No. 206 * * *

"To have and to hold the said premises unto the Lessee for the term beginning the 25th day of March, 1936, and ending the 31st day of March, 1937.

"The Lessor likewise agrees for the consideration aforesaid to furnish Lessee while occupying said premises water, janitor service, light, elevator service and heat * * *. This lease is conditioned upon the faithful performance by Lessee of the agreements and covenants herein contained to be kept and performed by Lessee, to-wit:

"1. That Lessee will pay to Lessor as rent of said premises during said term the sum of Fifty-Two and 50/100 Dollars per month, in advance on the first day of each and every month during such term, at the office of Lessor in the City of Dallas."

Paragraph 9, pleaded by appellee, is as follows: "The Lessor shall have the right to enter said premises at all reasonable times for the purpose of examining and caring for the same, or to make necessary repairs or additions, or to exhibit said premises. Provided that nothing herein contained to the contrary notwithstanding the Lessee does hereby agree and consent to the Lessor, its agents, servants, contractors, architects and employees entering upon the leased premises at reasonable hours for the purpose of completely remodelling and improving said building and the Lessee hereby grants this license and right to Lessor, its agents, servants, contractors, architects and employees to do said work upon said building in a reasonable way, and so as to discommode Lessee as little as possible in his or its quiet enjoyment of the leased premises. And the said Lessee does hereby agree to absolve and hold harmless the Lessor from any causes of action for damages, or other grievances which could or might arise from any interference with the quiet enjoyment and possession of the leased premises by Lessee because of the construction and improvements to be made on said building, expressly excepting, however, any action of negligence or carelessness on the part of lessor, its agents, servants, contractors, architects and employees."

In our opinion, the recitals of the consideration in the written lease are more than a receipt and are of a contractual nature. They constitute what the law designates as a contractual consideration, hence, may not be altered, varied or contradicted by parole testimony except on allegations and proof of fraud, accident or mistake. Matheson v. C-B Livestock Co. et al., Tex.Civ.App., 176 S.W. 734, and the authorities therein cited; 17 Tex.Jur. 854, par. 388, and Volume 2 of the Supplement thereto, page 1208.

While in some jurisdictions the rule is not applied to oral agreements made at or prior to the execution of a written lease relative to improvements to be made by the lessor, in Texas as well as in many other states, the parol evidence rule is applied and enforced in written leases.

In the case of Peticolas v. Thomas, 9 Tex.Civ.App. 442, 29 S.W. 166, in a suit on a written lease for unpaid rent, it is said:

"Appellee answered, alleging a surrender of the lease, and an acceptance on the part of the appellant; that he had been induced to sign the contract by promises to repair the premises; and that, under the terms of the contract, appellant had agreed to make certain repairs, which he had failed to do, and appellee had surrendered the premises. The case was tried before a jury, and resulted in a verdict for appellee.

"In the written lease was a clause that declared that 'all repairs upon said property herein leased shall be at the expense of the said lessee, unless by special agreement the said lessor undertakes to pay for the same.'

\* \* \*

"The facts in this case show that appellee was fully acquainted with the condition of the premises at the time he signed the lease contract, and this contract, containing, as it does, an expression of the terms of agreement of the parties, must, in the absence of any fraud, concealment, or mistake, be binding upon the parties; and it was improper to admit testimony, whether contained in the language of Conklin or his letters, that would tend to vary the terms of the written contract. It must be taken as containing the expressed desire of the parties in the premises."

In substantial accord with the rule announced in Peticolas v. Thomas, supra, is the holding in Johnson et al. v. Witte, Tex. Civ.App., 32 S.W. 426; Boone v. Mierow, 33 Tex.Civ.App. 295, 76 S.W. 772; Woodward v. Ft. Worth & D. C. Ry. Co., 35 Tex.Civ.App. 14, 79 S.W. 896; Moore-Cortes Canal Co. v. Gyle, 36 Tex.Civ.App. 442, 82 S.W. 350; Teague v. Ricks, 45 Tex.Civ.App. 226, 100 S.W. 794; Pressler v. Barreda, Tex.Civ.App., 157 S.W. 435; Hall v. Johnson et al., Tex.Civ.App., 225 S.W. 1110; Adkins v. Goodloe et al., Tex. Civ.App., 76 S.W.2d 168.

■ Where a written lease embodies recitals which make the consideration contractual, in order to admit parole testimony to show fraud or failure of consideration to avoid the contract it is incumbent on the party who urges fraud or failure of consideration as a defense to allege and prove fraud, accident or mistake. Schlag v. Johnson et al., Tex.Civ.App., 208 S.W.

369; Kansas City Life Ins. Co. v. Hudson et al., Tex.Civ.App., 71 S.W.2d 574, and authorities cited.

■ This rule is not merely one of procedure or evidence but a principle of substantive law and if testimony be admitted, without objection, to vary, alter or contradict a contractual consideration it is without probative force and will not support a verdict or a judgment thereon. 17 Tex.Jur. 793; Texarkana & Ft. S. Ry. Co. v. Brass, Tex.Com.App., 260 S.W. 828.

■ We do not assent to appellant's contention that the pleading of fraud by appellee was insufficient to authorize the admission of parole testimony to show fraud or failure of consideration. But since it is settled that in order to introduce parol testimony to alter, vary or contradict the consideration contractually expressed in a written instrument a party must plead fraud, and for the defense of fraud to prevail the fraud alleged must be established, and that to permit the introduction of parole testimony to show the failure of consideration contractually expressed in a written instrument a party must plead fraud, it follows inevitably if fraud must be pleaded in order to show failure of consideration it must be established for the defense of failure of consideration to prevail. In this case the jury acquitted the appellant of fraud, therefore, neither the defense of fraud nor of failure of consideration was substantiated.

The lease contract is clear, complete and unambiguous on its face. The oral agreement pleaded by appellee was not a parol contract independent of the written lease. Appellee himself asserts that it was a part and parcel of the written lease.

Section 9 presented by appellee to show the oral agreement to improve the building was a part of the lease does not create an obligation to improve the building but reserves to appellant the right to enter and make necessary repairs or additions in a reasonable way if the appellant desired. The lessee agrees to hold the appellant harmless for damages or other grievances by reason of such entry and the construction of such repairs and additions.

The judgment is reversed and the cause remanded.