## BECKER v. LINDSLEY.

### No. 13074.

Court of Civil Appeals of Texas. Dallas. July 18, 1941.

Rehearing Denied Oct. 10, 1941.

Leake, Henry, Young & Golden, of Dallas, for appellant.

J. C. Muse, Jr., of Dallas, for appellee.

YOUNG, Justice.

The suit of appellant (plaintiff) in the district court was for the value of a one-third interest in nine city lots, conveyed by her to Henry D. Lindsley in November, 1935; alleging that she was induced to deed over said property by reason of the grantee's promise and agreement to fully compensate her therefor in his will; that said Lindsley died November 18, 1938, leaving a will with no provision whatsoever for compensation by reason of the prior conveyance; the estate of said decedent thereby becoming indebted to her for the reasonable value thereof, which was alleged to be $2,160.53. Appellee, independent execu-

tor of the estate, had previously rejected such claim.

The pleadings of defendant were, in effect, that the nine lots in question had previously been the property of Mrs. Louise Lindsley, who died October 7, 1935, leaving as heirs her three surviving children, Katherine L. Becker, Annie L. Sternberg and Henry D. Lindsley; that the mother (Mrs. Lindsley) was over eighty years old at the time of her death; had executed a holographic will January 10, 1929, disposing of other property, real, personal, and money; but that she had died intestate as to these nine lots, as all same had been acquired after the execution of her will and were thereby inherited by said three children under the laws of descent. Defendant further pleaded that during the year 1935, the elderly Mrs. Lindsley had conveyed to plaintiff, Katherine L. Becker, six of these lots, and, following the mother's death, a controversy arose between the heirs, questioning the right of Mrs. Becker to claim the lots so acquired by her; and to secure a composition of such differences, a probate of the mother's will and partition of her estate, they entered into a written contract, of date November 4, 1935, in which it was agreed that the 1929 will of Mrs. Lindsley should be probated as a muniment of title only, and the nine pieces of property described in plaintiff's petition considered as belonging to the estate of said mother, of which each heir owned a one-third interest; that, on November 14, 1935, in consummation of the preceding contract, plaintiff, Mrs. Becker, had deeded to Henry D. Lindsley and Mrs. Sternberg a two-thirds interest in and to above six lots; and in a joint letter of November 16, 1935, the management of the nine lots was turned over to J. W. Lindsley & Company, in which the earlier written transactions were confirmed. To the verbal promise sued on by plaintiff, the parol evidence rule was interposed, defendant contending that all preliminary agreements of the parties had been merged into the subsequent writings; also, that from same, and plaintiff's conduct thereafter, an estoppel arose. Failure of consideration, invalidity of plaintiff's cause of action, under Art. 3998, and the Statute of Frauds, Sec. 4, Art. 3995, R.C.S., were further pleaded in defense.

At the conclusion of the evidence, defendant duly filed and presented a motion for instructed verdict on detailed grounds,

and likewise objected to all issues contained in the court's charge. The jury answers to the issues submitted were: (1) That during his lifetime, Henry D. Lindsley promised Mrs. Katherine L. Becker to compensate her in his will for the transfer and conveyance by her of a one-third interest in aforesaid nine lots or pieces of property; (2) that Mrs. Becker was induced by said promise to execute the written contract of November 4, 1935, and the special warranty deed of November 14, 1935; (3) the net market value of a one-third interest in the nine lots on November 4, 1935, was $2,160; (4) the contract of November 4, 1935, did not fully express the consideration moving between Henry D. Lindsley and Katherine L. Becker for the execution of such contract, and the execution and delivery of the deed dated November 14, 1935; (5) that Mrs. Becker did not, by joining in the letter of November 16, 1935, thereby induce Henry D. Lindsley to believe that the contract of November 4, 1935, was the full consideration for the deed of November 14, 1935; (6) that by joining with Mrs. Annie L. Sternberg and Henry D. Lindsley in the 1938 contract to J. L. Britton, plaintiff did not induce Henry D. Lindsley to believe that the contract of November 4, 1935, was the full consideration for the deed of November 14, 1935.

Plaintiff duly filed motion for judgment; defendant, under provisions of Art. 2211, Vernon's Ann.Civ.St., filing motion to render judgment non obstante veredicto, setting forth specifically why directed verdict in his favor should be sustained. After notice, both motions were heard, that of defendant granted and judgment accordingly rendered that plaintiff take nothing; with consequent appeal.

The will of Mrs. Louise Lindsley was probated as a muniment of title November 12, 1935, the judgment thereon reciting no necessity for administration. The will provides:

"(1) I, Louise D. Lindsley of the County of Dallas & the State of Texas, being in good health & sound mind & memory make this my Last Will.

"(2) Having disposed of most of my estate to my daughter Annie L. Sternberg & Katherine L. Becker & retaining a life interest my Home I leave to my daughter Katherine L. Becker also my household goods & My silver, my jewelry they can divide.

"All loans I leave to my daughter Katherine L. Becker. To my grand Son Philip Wingate I leave five hundred dollars, also five hundred to my Grand Son Lindsley Becker.

"I wish all just debts to be paid. The portrait of my mother I leave to my daughter Katherine L. Becker at her death to be given to the oldest daughter of my nephew McGavach Dickerson. I have not mentioned my dear son Henry D. Lindsley as he has plenty. I appoint Mr. W. T. Henry Executor without bond. It is my wish that any money in Bank I leave to my daughter Katherine L. Becker to carry out my wishes. It is my request that no action be taken by the Court except what is required by law. Signed by me Jan. 10, 1929. Louise D. Lindsley."

The contract of November 4, 1935, signed by Henry D. Lindsley, Annie L. Sternberg and Katherine L. Becker, was denominated a "settlement of all property, rights and interests of the signers hereto, respectively, in or to the property left by Mrs. Lindsley at the time of her death, in order that an administration of her estate may be dispensed with"; and provided, generally, (1) for a probate of the mother's will as a muniment of title; (2) that Mrs. Becker should have full and indefeasible title to all and singular the property bequeathed to her by the will of Mrs. Lindsley; (3) that as to three pieces of property which the will failed to dispose of, the title thereto should be held in common by the three heirs, a one-third interest in each; (4) that as to the six lots conveyed to Mrs. Becker by her mother during the year 1935, it was agreed that same "are to be restored to the property of the estate of said Mrs. Louise D. Lindsley, the means to be adopted to be the execution and delivery by Mrs. Katherine L. Becker to Henry D. Lindsley and Mrs. Annie L. Sternberg of a special warranty deed of a two-thirds undivided interest" in and to said lots; (5) Mrs. Becker agree to assume and pay out of the cash received by her under the will certain debts and bequests to others, including the sum of $1,870.21 due by her mother to the "Tennessee Trust"; all express bequests to Mrs. Becker being confirmed, with specific mention of an automobile that had been used by her and the elderly decedent. On November 14th following, Katherine L. Becker and husband executed a deed to Henry D. Lindsley and Annie L. Sternberg, conveying an undivided two-thirds interest in

and to the six lots referred to in the contract just described, the consideration being recited as "Ten Dollars and other valuable considerations to us paid and secured to be paid * * *."

On November 16, 1935, a letter was written by the three heirs concerning the property in suit, whereby such real estate was turned over to J. W. Lindsley & Company for handling and sale, together with an $1,870 check for their joint account. The agency named was to collect rentals, pay taxes, make sales, and turn over net receipts to the parties in equal portions on demand.

The realty was handled, pursuant to the agreement just stated, until May, 1938, when a contract for the sale of all such real estate was executed by the three to J. L. Britton. Col. Lindsley died in November, 1938, and it was agreed at the trial that his will made no provision for, or mention therein of, Mrs. Katherine L. Becker. No charges are made of fraud, accident or mistake. Mrs. Becker testified at the trial that the nine lots were the individual property of her mother prior to her decease; though she intimates in pleading and otherwise that entire title thereto was in her, perforce of deeds to six lots from Mrs. Louise Lindsley during 1935, and by the terms of the latter's will.

■■■ The written instruments of November 4th and 14th, executed by and between the heirs are contemporaneous transactions dealing with and settling their rights in the same subject matter, and are to be construed together; 10 Tex.Jur., Contracts, § 166, p. 286. Plainly, the consideration for the deed of Mrs. Becker to the one-third interest in question was the agreements and undertakings set forth in the prior writing, and was contractual. Considered as a single instrument, this contract and the deed later executed in carrying it out, obviously constituted a complete memorial of the subject matter to which they referred, i.e., "a settlement of all property, rights and interests of the signers hereto, respectively, in or to the property left by Mrs. Louise D. Lindsley at the time of her death, * * *." The applicable rule is well stated in the early case of Boone v. Mierow, 33 Tex.Civ.App. 295, 76 S.W. 772: "Parol evidence of a consideration different from or additional to that stated in a written agreement between the parties is not admissible in a case where the consideration for the acts or agreements of one party are the undertakings of the other, and both are stated in writing. Coverdill v. Seymour, 94 Tex. [1], 8; 57 S.W. 37. * * * Here the writing purports to set out with great detail the agreement of the parties. It appears to be in every respect complete. The statement of the consideration is not the 'mere recital of a fact, viz., the amount of the consideration,' but it is an 'agreement about it.' It is contractual, and it cannot be varied by proof of a parol contemporaneous agreement ingrafting an additional consideration." See, also, McCormick & Ray, Texas Law of Evidence, § 729-738; Matheson v. C-B Live Stock Co., Tex.Civ. App., 176 S.W. 734; James v. Doss, Tex. Civ.App., 184 S.W. 623; Humble Oil & Refining Co. v. Strauss, Tex.Civ.App., 243 S. W. 528; Johnson v. Johnson, Tex.Com. App., 14 S.W.2d 805; 100 A.L.R., p. 17, Annotation to Halsey v. Minnesota-South Carolina Land & Timber Co. And generally, the alleged oral promise is violative of the parol evidence rule in two further respects: (1) Same is inconsistent with the later writings, because, under the parol agreement, plaintiff assumed to own the lots, whereas her contract of November 4 placed title thereto in the heirs, as to which the mother had died intestate; (2) the written contract expressly dealt with and settled rights of ownership to all property of the mother, whether covered by the will or not, thus superseding previous negotiations on that subject.

Appellant's propositions embody correct principles of law, not controlling, however, of the instant uncontroverted facts. Similarly, plaintiff's cases involve situations where the writing was plainly incomplete, or where the outside agreement was truly collateral; i. e., relating to a subject with which the later contract did not particularly deal. 22 C.J., Evidence, § 1666, p. 1254.

■■■ It is contended that appellee's procedure under Art. 2211 insufficiently empowered the trial court to render judgment notwithstanding the jury issues and answers. In appellee's request for peremptory instruction, his objections to the court's charge, and later motion non obstante veredicto, grounds were fully stated as a basis for the relief sought; being, in effect, that no ultimate issues were raised for the jury's determination, and that the undisputed facts, when correctly interpreted, compelled a defendant's judgment. Due

notice was given on the motion, which explicitly pointed out the findings which the court was called upon to disregard, and the reasons why same should be disregarded. Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970.

All assignments and propositions of appellant must be overruled and the action of the trial court affirmed.

Affirmed.